No. 19,426.

I. HOSTETLER, *Appellee*, v. C. H. BARTHOLOMEW,
*Appellant*.

SYLLABUS BY THE COURT.

SALE—*Stallion—Breach of Warranty—Rescission of Contract—
Measure of Damages.* Where the agent of the vendor of a
stallion warranted the stallion to be "as sound as a dollar
and a sure foal getter" and the vendor himself knew that
the stallion was being purchased for breeding purposes, and
upon trial the vendee learned that the stallion was wholly
incapacitated for breeding purposes, the vendee had the right
to rescind the contract and recover the purchase money and
freight paid for the transportation of the stallion and reason-
able compensation for its care and keep.

Appeal from Sedgwick district court, division No.
2; THORNTON W. SARGENT, judge. Opinion filed April
10, 1915. Affirmed.

*T. A. Noftzger, George Gardiner,* and *George W.
Cox,* all of Wichita, for the appellant.

*Chester I. Long, I. N. Williams,* and *A. M. Cowan,* all
of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment for
the return of the price paid for a stallion purchased for
breeding purposes, for which the animal was incapaci-
tated. An item for freight charges and cost of keeping
the animal was also claimed and allowed.

Error is assigned on the admission of evidence and
the instructions to the jury are criticised.

It is urged that evidence of the conversations be-
tween plaintiff and one Dedrick when defendant was
not present should have been excluded. The evidence
showed Dedrick's agency, that he brought the princi-
pals together and bore an effective hand in fixing the
price. The defendant paid Dedrick a commission for

his services. The evidence also showed that defendant and his agent Dedrick knew the purpose for which the horse was bought. It was also proved that Dedrick warranted the horse to be "as sound as a dollar and a sure foal getter." But it is contended that plaintiff was an experienced horseman and carefully examined the horse and therefore did not rely on Dedrick's warranty. It would seem to be a sufficient answer to this to note that the incapacity of the horse could not be discovered by plaintiff's fifteen minutes' examination, and could probably not be discovered at all until the horse was put to trial for breeding purposes. It is clear that defendant ratified the warranty of his agent. (*Wagon Co. v. Wilson*, 79 Kan. 633, syl. ¶ 3, 101 Pac. 4; *Thomas v. Warrenburg*, 92 Kan. 576, syl. ¶ 2, 141 Pac. 255.)

The freight paid on the horse from Wichita to Attica and the feeding and care of the horse were proper items of recovery.

In *King v. Machine Co.*, 81 Kan. 809, 106 Pac. 1071, it was said:

"It was held in Michigan in an action arising upon the sale of a horse as sound, which had been returned because of unsoundness, that the purchaser might recover not only the money paid for the horse but expenditures in transportation, keeping, and medical attendance, for such time as would be necessary to satisfy a prudent man that the horse was worthless. (*Murphy v. McGraw*, 74 Mich. 318.)" (p. 814.)

We are unable to discover any material error in the instructions. The *onus probandi* was properly defined, the law relating to the case was correctly stated, and the rights of defendant were duly safeguarded, and the judgment must be affirmed.