No. 23,694.

SAM JONES, *Appellant*, v. ANNA E. WEBBER et al., *Appellees*.

SYLLABUS BY THE COURT.

1. ACTION TO CANCEL NOTE—*Purchase of Stallion—Failure of Warranty—Request to Amend Petition Refused—No Error*. In an action to cancel a note given for the purchase of a stallion, on the ground that the animal was worthless as a breeder, when the case was called for trial the plaintiff sought to add an item of damage for care and feed for the horse, by what he called a supplemental petition. This was excluded by the court, and on the motion for a new trial no showing was made as to any evidence on this point. *Held*, no error to exclude such item of damage.

2. SAME—*Findings Supported by Evidence*. The plaintiff claimed a warranty that the horse was a ninety per cent foal getter. Much of the evidence was to the effect that he was represented as one whose fluid test was ninety per cent pure. There was evidence of a physical defect. The jury on conflicting testimony found for the defendant. *Held*, that such finding, having been approved by the trial court, must stand.

3. SAME—*Impeaching Verdict of Jury*. Jurors cannot be heard to impeach their verdicts by disclosing the mental operations and sentimental considerations by which their conclusions were reached.

Appeal from Seward district court; CHARLES E. VANCE, judge. Opinion filed July 8, 1922. Affirmed.

*Eugene W. Davis*, of Liberal, for the appellant.
*G. W. Sawyer*, and *John C. King*, both of Liberal, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff bought a stallion at defendant Anna E. Webber's sale, gave his note for $275, found the animal worthless as a breeder, sought rescission, failed, and sued to cancel the note. The defendant bank bought the note before maturity, but the plaintiff claims it was nonnegotiable because it had written thereon, "This note given for stallion under guarantee as given at Webber sale." The plaintiff alleged that as part of the transaction by which he bought the horse, the defendant by her agent, the auctioneer, war-

ranted and guaranteed the horse to be a good foal getter, first class for breeding purposes, which warranty and guaranty proved false.

The defendant, Mrs. Webber, answered by general denial, and also alleged that she made the sale as administratrix, and being inexperienced in business affairs had her brother, Will Brier, look after the sale; that the clerk of the sale, T. A. Tegarden, looked after the notes taken, but she did not know under what condition this note was executed; that no express warranty or guaranty was made or authorized by her; that it was announced that this horse had a record, which record would go with him; that his fluid tested ninety per cent pure, and that a purchaser could look up his record and be satisfied before taking him; that he would not be guaranteed as a foal getter; that such fluid test for the previous year was correct; that when the plaintiff came for the horse after the sale he said he guessed he was all right, and thereupon took him; that she did not authorize Will Brier nor the auctioneer to warrant or guarantee the horse as first class for breeding purposes, and if any such warranty was made it was without her knowledge; and that the words on the note were placed there without her knowledge or consent.

When the case was called for trial the plaintiff sought by what he calls a supplemental petition to include damages for $150 for feeding the horse. The jury found for the defendant. The plaintiff moved for a new trial and presented an affidavit that several of the jurors found for the defendant because she was a "widow woman" and that there was no question that the horse had been warranted as claimed by Mr. Jones.

It appears that when the opening statement was made plaintiff's counsel included a claim for the feed and care of the horse, and on objection the court stated that this would not be considered.

There was testimony that the auctioneer had stated that the horse was a ninety per cent foal getter. But a number testified that no such statement was made, but that he was proclaimed as a horse whose fluid tested ninety per cent pure. There was abundant evidence of his worthlessness as a foal getter. An interesting item of evidence was that the banker who acted as clerk of the sale stated he made the indorsement on the note at the time Mr. Jones signed it —"that he would not have placed the indorsement on the note if he had not known the horse had been guaranteed, and that he absolutely knew what Mr. Jones had in mind when he (Jones) signed

the note." No claim of authority to make such indorsement was even hinted at. There was convincing evidence that, regardless of any fluid test, the horse was practically inefficient.

While the feed bill might have been a proper element of damages if it had been included in the original petition (*Hostetler v. Bartholomew*, 95 Kan. 217, 147 Pac. 1134; *Cooper v. Ragsdale*, 96 Kan. 772, 153 Pac. 516), still no excuse was shown for presenting it for the first time when the case was called for trial under the guise of a "supplemental" petition, and moreover, no showing was made on the motion for a new trial as to any evidence on that point—hence for that reason no error was committed in denying the motion. (Civ. Code, § 307.)

We find no error in respect to the admission or exclusion of evidence or in the instructions.

Of course, jurors cannot be heard to impeach their verdict by statements that they violated their oaths as jurors, and decided for the defendant because she was a "widow woman." Things that inhere in the verdict and belong to the inner sanctum are not to be spread out for the gaze of the losing party to a lawsuit, else there might never be an end to litigation.

The jury evidently believed the witness who said the horse was not stated to be a ninety per cent foal getter, but to have a ninety per cent pure fluid test, a thing compatible with such utter worthlessness as he seemed to have manifested—a physical defect testified to possibly accounting for the difficulty.

At any rate, there was the usual conflict of evidence which the jury and trial court settled in favor of the defendant, and finding no material error, the judgment is affirmed.