No. 25,590.

THE STATE OF KANSAS, *Appellee*, v. R. F. INGALLS, *Appellant*.

SYLLABUS BY THE COURT.

TRIAL — *Impeachment of Verdict* — *Affidavit of Juror*. A verdict cannot be impeached by the evidence of a juror to show that during the trial he became ill, and, becoming worse during the deliberation of the jury, yielded, against his judgment, to the argument and persuasion of his fellow jurors so that he might be relieved from service on that jury and go to his home to receive medical treatment.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed June 6, 1925. Affirmed.

*Edward Rooney*, of Topeka, for the appellant.

*C. B. Griffith*, attorney-general, *C. A. Burnett*, assistant attorney-general, *Lloyd Morris*, county attorney, and *W. O. Worswick*, of Oskaloosa, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment of conviction of rape, and urges, as a ground of error, that during the trial one of the jurors became ill, and after the cause had been submitted to the jury and it had retired to the jury room to consider the verdict, he became worse, was unable to withstand the argument and persuasion of the other jurors who desired to convict the defendant, and in order to be released from the jury room and go to his home for medical treatment, consented to a verdict of guilty, although he believed the defendant was not guilty and desired to acquit him. That fact was shown to the court by an affidavit of the juror on the hearing of the motion for a new trial, which was denied, at which time the court caused the following statement to be made a matter of record:

"In connection with what is set forth in these affidavits [the juror's wife made an affidavit] relative to the physical condition of Juror Bodde, wish to state: Bodde informed the court Tuesday evening he was not feeling well; the court made inquiry as to his physical condition on Wednesday morning, and

he stated to the court he was feeling better. At the adjournment hour at noon, before the jury was discharged at the noon hour, the court inquired as to how he was holding out physically, and the court recalls he stated he was getting along all right, and the court received no further complaint as to Bodde's physical condition during the trial. The verdict will be sustained and the motion for a new trial will be denied."

The trial was commenced on Monday and the verdict was returned on Thursday. The fact the juror was ill does not appear to have been communicated to the court in any way other than as indicated in what has been quoted. No one requested that the consideration of the verdict be suspended or postponed to allow time for the juror to recover from his illness.

The affidavit was presented for the purpose of impeaching the verdict. That could not be done. (*The State v. Clark,* 34 Kan. 289, 8 Pac. 528; *The State v. Burwell,* 34 Kan. 312; 8 Pac. 470; *L. & W. Rly. Co. v. Anderson,* 41 Kan. 528, 21 Pac. 588; *The State v. Plum,* 49 Kan. 679, 684, 31 Pac. 308; *The State v. Keehn,* 85 Kan. 765, 118 Pac. 851; *The State v. Taylor,* 90 Kan. 438, 446; 133 Pac. 861; *Jones v. Webber,* 111 Kan. 650, 652, 207 Pac. 837.)

The judgment is affirmed.