[No. 33501.   Department Two.   October 4, 1956.]

EGBERT BOSSCHER *et al.*, *Respondents*, v. TONY LEENDERS *et al.*, *Appellants.*[1]

*R. W. Greene* and *David E. Rhea*, for appellants.

*Livesey, Kingsbury & Livesey* and *Le Cocq, Simonarson & Durnan*, for respondents.

[1]Reported in 301 P. (2d) 1080.

WEAVER, J.—Defendants appeal from a money judgment against them.

The trial court found that plaintiffs, who purchased a herd of cattle from defendants, relied, to their damage, upon defendants' representations that the herd was in good health when, in fact, the herd was infected with Bang's disease. The record discloses that defendants' herd had been quarantined by the state department of agriculture for Bang's disease some years prior to the sale.

Defendants' fifteen assignments of error may be classified in three categories: first, those directed to the sufficiency of the evidence to sustain certain findings of fact establishing misrepresentation; second, those directed to the sufficiency of the evidence to sustain certain findings of fact establishing the amount of plaintiffs' damage; and third, those directed to the excluding and striking of certain evidence.

It would add nothing to the case authority of this jurisdiction to detail the facts leading to the transaction between the parties. As we said in *In re Dand's Estate*, 41 Wn. (2d) 158, 163, 247 P. (2d) 1016 (1952):

"This case is a striking example of the wisdom of our rule that the trial court, having the witnesses before it, is in a better position to arrive at the truth than is the appellate court. The respondents are entitled to the benefit of all evidence and reasonable inference therefrom in support of the findings of fact entered by the trial court. Two different theories were presented. The trial court rejected one and accepted the other. After an examination of the record, we cannot say that the evidence preponderates against the findings."

The statute (Rem. Rev. Stat., § 2540 [*cf.* RCW 9.08.020]) imposes a duty upon the seller of a diseased animal to inform the purchaser of the condition of the animal. *Bariel v. Tuinstra*, 45 Wn. (2d) 513, 523, 276 P. (2d) 569 (1954). The trial court found that defendants represented the herd of cattle to be free of infection when in fact it was not. We cannot say that the evidence preponderates against this finding.

The fact that plaintiffs were damaged cannot be seriously controverted. The trial court awarded damages as follows:

first, for the difference between the average purchase price plaintiffs paid defendants for thirty-five Bang's-infected dairy cows, and their market value as beef when purchased; second, for a one-third loss of milk production of thirty-two cows, because of Bang's disease; and third, for the market value, at the time of loss by abortions, of thirty-six calves, half of which were heifers.

The facts necessary to determine these damages were established by competent evidence, with sufficient certainty to remove the determination from the realm of speculation. Had plaintiffs presented their case upon the theory of loss of profits, defendants' argument, that certain of plaintiffs' production records should have been produced, might have merit.

■■ Whether a witness is competent to express an opinion, depends largely upon the discretion and sound judgment of the trial judge. *Kelly v. Valley Constr. Co.*, 43 Wn. (2d) 679, 688, 262 P. (2d) 970 (1953). The record does not disclose that the trial court abused its discretion when it prevented defendants' son from stating his opinion of the value of certain cattle as beef cattle. A proper foundation had not been laid.

The trial court struck the answer of one of defendants' witnesses to a certain question upon the grounds that it was not responsive. This was not error. The answer was not responsive to the question asked.

The judgment is affirmed.

MALLERY, HILL, and ROSELLINI, JJ., concur.