**Ollie Carey, et al., Plaintiff-Appellant, v. I. J. Kayle & Associates, Defendant-Appellee.**

**Gen. No. 53,071.**

First District.

March 20, 1970.

Leonard E. Newman, of Chicago, for appellant.

Harry Jaffe, of Chicago, for appellee.

MR. JUSTICE SMITH delivered the opinion of this court.

The facts are relatively simple but as is often the case, in dispute. Fortunately, as a reviewing court, it is not for us to resolve disputes of fact if the resolution by the court below finds support in the evidence, i. e., its resolution is not against the manifest weight of

the evidence. Wilke Metal Products v. David Architectural Metals, 92 Ill App2d 265, 236 NE2d 303.

We can posit the facts generally and then hone in on one of the disputed resolutions by the trial court, for if it can stand, such will be determinative of this appeal. Such question or dispute involves the timeliness of notice of breach of warranty given by plaintiff as buyer to defendant as seller involving wire for a home intercommunications system. The statute in effect at the time, now superseded by the Commercial Code, was § 49 of the Uniform Sales Act (Ill Rev Stats 1961, c 121½, § 49) which read:

> "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

Plaintiff, it appears, early in 1960 was desirous of having a high fidelity radio and intercommunication system installed in a house he was then building for himself and he purchased from defendant the necessary wiring, upon being assured that it was of a type suitable for the contemplated installation. After such was had, according to plaintiff, the system never worked—there was feedback and squealing—and about a year and a half later, June 1961, he filed suit against the manufacturer, the distributor and the installer—but not the defendant. The manufacturer and distributor were subsequently dismissed after an apparently satisfactory settlement had been reached, and defendant was then made a party. This was on October 29, 1963. The amended

complaint alleged that the malfunction was caused by the wire.

This was not the first contact plaintiff had had with defendant subsequent to installation. Plaintiff testified that he sent a letter to defendant on March 27, 1961, concerning the malfunction, but we do not have this letter, although we do have the letter back from defendant, advising plaintiff that the wire he purchased was suitable for his system. Plaintiff says that he first thought it was the fault of the set itself and that it was not until after he had filed suit that he learned of the possibility that the malfunction might be caused by the wire. It was then that he so advised defendant by letter, which, as we have said, we have not been favored with. As we have seen, matters coasted along until October 1963, before defendant was contacted again concerning its responsibility, and this time by summons, a very direct form of notice, indeed.

There are other facts, some disputed, some not, and other points of law raised on this appeal, but, if the notice was not timely—"within a reasonable time after the buyer knows, or ought to know of such breach"—as the court below held, it is determinative of this appeal by plaintiff and we need not take up such other questions.

■ The purpose of notice called for in the statute is obvious—a seller should know in good time the complaint of the buyer because the sooner he knows, the better he will be able to rectify the condition, if in fact there is a breach, the determination of which is another reason for the requirement of timely notice. Here, by the time defendant was served with summons, the wire it had sold had been replaced, thus it could neither determine whether the wire it had sold was at fault, and if it was, given a chance to minimize its liability by appropriate action.

■ As we have seen, the trial court held that the notice required under the statute was not given within

a reasonable time. To be sure, plaintiff testified as to various conversations and points to his letter of March 27, 1961, which, he says, fulfilled the requisites of notice—and that such notice was timely because it was only then that he became aware of the possibility that the wire might be at fault. Again, the only trouble with this assertion is that we do not know the contents of the letter—and without knowing that how would one know whether it was in fact the notice called for by § 49. However, defendant disputes all this, and says that its first knowledge of any malfunctioning that might be attributed to the wire came to it when it was served with summons—some three years and nine months after the sale. The very best that can be said at this juncture for plaintiff's argument as to timeliness is that the evidence presented a question of fact and its resolution by a finding that the notice was not timely is most assuredly not against the manifest weight of the evidence. It is not for us to say which way we would have gone had we been the trier of this fact. We review errors of law only and it is not error for a trial court to supply an answer when a question is raised as to what the facts really are if there is evidence to support the answer.

■ Having decided that the finding of untimeliness was properly reached, we need not take up the other matters complained of, such as the further finding that there was no implied warranty. Plaintiff's further argument that the defense of no notice or untimely notice is an affirmative defense is answered by a rereading of § 49 set forth above. Notice by the buyer is an integral part of his cause of action. If this is so, then by definition it cannot be an affirmative defense. The judgment appealed from is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.