233 So.2d 507

William Vernon LINDSEY

v.

INTERNATIONAL SHOE COMPANY, a Corporation, Liberty Mutual Insurance Company, a Corporation and Aaron Davis, d/b/a Davis Dry Goods Store.

8 Div. I.

Court of Civil Appeals of Alabama.

March 25, 1970.

Charles D. Rosser, Tuscumbia, for appellant.

McDonnell & Jones, Sheffield, for appellee.

BRADLEY, Judge.

Plaintiff filed his complaint under the Uniform Sales Act in 1964 for breach of warranty and negligence in the inspection and sale of a shoe. After four years of pleadings (four amended complaints with demurrers sustained to each) appellant took a voluntary non-suit on February 7, 1968, and appealed to the Supreme Court. The case was subsequently transferred to this court.

Appellant's complaints, considered together, alleged that he purchased a shoe with a tack protruding through, or imbedded in, the sole. As a result, he was injured and seeks damages therefor.

There were five assignments of error filed with the record on appeal—all of them contending the commission of error in the sustaining of the demurrers to the complaints as amended.

Appellee has on file a motion asking the court to strike the transcript and appellant's brief, and to affirm the case. The motion points out many areas in the transcript and appellant's brief that do not meet the standards prescribed by the Rules of the Supreme Court; but, although we do not condone such omissions, we believe justice would be better served if we exercised our discretion and decided this appeal on its merits.

Appellant's assignments of error one through four are not argued in his brief, and are therefore considered by us to be waived. Supreme Court Rule 9.

Appellant assigns as error—assignment number five—the sustaining of appellee's demurrer to the complaint as last amended on August 21, 1967 and January 23, 1968.

To clarify the issues involved, we would set out the substance of the complaint as follows:

1. Count one sounds in negligence;

2. Count two sounds in breach of implied warranty, although the averment of notice is insufficient;

3. Counts A–F sound in negligence; and

4. Count G sounds in breach of implied warranty.

We have been unable to determine from appellant's negligence counts whether he complains of an obvious or a latent defect. Apparently, however, he complains of a latent defect for which no action for a retailer's negligence will lie. See 46 Am. Jur., Sales, Section 345, p. 528. Therefore, there was no error in the trial court's sustaining appellee's demurrers to count one and counts A–F.

Count two alleges a breach of implied warranty, but we believe the averment of notice to be insufficient. The giving of notice, within a reasonable time, is a condition precedent to maintaining an action of this nature against the retailer; and the giving of notice must be affirmatively pleaded in the complaint. Smith v. Pizitz of Bessemer, Inc., 271 Ala. 101, 122 So.2d 591; and Title 57, Section 55, Code of Alabama 1940, as Recompiled 1958.

Furthermore, the giving of notice within a reasonable time must be pled with some degree of specificity. See Nashua River Paper Co. v. Lindsay, 249 Mass. 365, 144 N.E. 224, and Idzykowski v. Jordan Marsh Co., 279 Mass. 163, 181 N.E. 172, for the essentials to be set forth in the notice and pled in the complaint.

Having eliminated all of the counts of the complaint but count G, we will now consider it.

Count G is as follows:

"The Plaintiff claims of the Defendant the sum of Nine Thousand Nine Hundred Ninety-nine and NO/100 Dollars ($9,999.-00) damages for that on, to-wit: the 29th day of June, 1963, the Defendant was engaged in the business of selling a pair of leather dress shoes manufactured by International Shoe Company and bearing number 4120–1670–12–12 M3578 121, which pair of shoes the Defendant advised the Plaintiff was made and sold for the purpose of wearing on one's feet and Plaintiff avers that on, to-wit: the 29th day of June, 1963, the Plaintiff purchased from the Defendant such aforesaid pair of shoes for his use in wearing on his feet and Plaintiff avers that the said intended use was made known to the Defendant and that there was an implied warranty of the Defendant to the Plaintiff that said shoes were reasonably fit for said use for which they were made and sold. Plaintiff avers that the Defendant breached said warranty in that said pair of shoes was not reasonably fit for the said use for which they were made and sold, but that on, to-wit: the 30th day of June, 1963, the 2nd day of July, 1963 and the 3rd day of July, 1963, while said shoes were being used by the Plaintiff by wearing them on his feet, said shoes were so unfit for such purpose that a tack protruding through the sole of the left shoe of said pair of shoes caused the Plaintiff's foot to be lacerated and Plaintiff was caused to be injured and damaged as set out in Count A.

"Plaintiff gave Defendant notice of the breach of said warranty within a reasonable time after discovering the same by a letter written to-wit: on July 25, 1963 by his attorney and mailed to the Defendant setting out the defect in the shoe, the injuries done to the Plaintiff and that the Defendant was being called upon to pay the Plaintiff's damages."

Appellee's grounds of demurrer filed to count G of the complaint are as follows:

"I. For that Count G does not state a cause of action.

"II. For aught that appears from Count G the tack protruding through the sole of the left shoe was not in the said shoe at the time of the purchase from said Defendant.

\*   \*   \*   \*   \*   \*

"V. For that it affirmatively appears from the said Count G that the Plaintiff himself inspected and used the shoes and should himself have discovered the defect complained of.

"VI. For that the averment that the said shoes were not reasonably fit for the said use for which they were made and sold is but a conclusion of the pleader.

"VII. For that no causal connection is shown between the alleged injuries to Plaintiff and the unfitness of the shoes.

"VIII. For aught that appears, the said shoes, even with a tack therein, were not unsuitable and unfit for the purposes for which sold."

▮▮ When scrutinized by a demurrer, each count must stand or fall on its own averments. Webb Ins. Co. v. Litz, 39 Ala. App. 443, 449, 102 So.2d 915. This means that count G must rely upon its own averments and cannot seek aid from other factual averments in the complaint. As count G is phrased, it does not appear that any defect in the shoe is connected with the tack purportedly causing appellant's injury. Appellee's grounds of demurrer II and VII go to the insufficiency of count G, and we therefore hold that there was no error committed by the trial court in sustaining the demurrer to this count of the complaint as amended.

Having found no error sufficient to authorize a reversal, we do affirm this case.

Affirmed.