No. 48,021

WILFRED DOLD, *Appellee*, v. MIKE SHEROW, *Appellant*.

(552 P. 2d 945)

Opinion filed July 23, 1976.

*M. E. Chalfant*, of Branine, Chalfant & Hyter, of Hutchinson, argued the cause, and *J. Stanley Hill*, of the same firm, was with him on the brief for the appellant.

*Kenneth E. Peirce*, of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, argued the cause, and *Rodney K. Lyons*, of Lyons & Sanchez, Chartered, of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Plaintiff Wilfred Dold filed suit to recover damages for the breach of express and implied warranties arising out of the purchase of cattle from defendant Mike Sherow. Defendant appeals from a $25,000 jury verdict in favor of plaintiff.

Plaintiff Dold was a cattleman with a herd of approximately fifty stock cows. In search of additional stock Dold came upon Sherow's notice in the "High Plains Journal," advertising the sale

of fifty head of white-face cattle. Dold contacted Sherow and arranged to meet with him to discuss the sale. On January 2, 1973, Dold, accompanied by his two sons, went to defendant's farm near Langdon, Kansas, to view the cattle. According to the testimony of Dold and his sons, Sherow represented that the cattle were four to seven years old and that they would all calve by April 15, 1973. Dold claims he told Sherow he would have no use for the cows if they were not bred. The cows were not pregnancy or age checked because of the additional expense. Relying upon the alleged representations made by Sherow, Dold purchased the fifty cows for $228.00 per head.

On January 3, 1973, the cattle were delivered to Dold. One of them died on the second day and within a few days Dold noticed that the cattle were not doing well. Dold called a veterinarian, Dr. Roger Gracey, who checked three of the cows and found one was not pregnant. He also determined that some of the cows were older than seven years. Dr. Gracey made a more extensive check of the entire herd around March 1, 1973. Based upon his examination of the cattle, Dr. Gracey determined that of the fifty head Dold purchased from Sherow only two would calve by April 15, and forty of the cows were over seven years old.

On November 7, 1973, Dold filed suit in the district court alleging that Sherow wrongfully and recklessly made misstatements, misrepresentations and warranties with the intent to deceive and induce Dold to purchase the cows. By amended petition Dold prayed for actual damages in the amount of $25,883.38, and punitive damages of $10,000. Sherow answered by general denial. The jury found in favor of plaintiff Dold and awarded him $22,000 in actual damages and $3,000 in punitive damages.

As his first claim of error defendant contends the trial court erred in not granting his motions for a directed verdict and judgment notwithstanding the verdict. The motions were based on a claim there was no evidence to show that plaintiff gave notice to defendant of the breach of warranty pursuant to K. S. A. 84-2-607 (3). The statute provides:

"(3) Where a tender has been accepted

" (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; . . ."

The burden is on the party claiming the breach to plead and prove notice within a reasonable time. (*Ehlers v. Chrysler Motor*

*Corporation*, 226 N. W. 2d 157 [S. Dak. 1975]; *Schnabl v. Ford Motor Co.*, 54 Wis. 2d 345, 195 N. W. 2d 602, 198 N. W. 2d 161 [1972]; *Lindsey v. International Shoe Company*, 45 Ala. App. 566, 233 So. 2d 507 [1970]; *Carey v. I. J. Kayle & Associates*, 122 Ill. App. 2d 403, 259 N. E. 2d 304 [1970]; *Green Seed Co. of Ark. v. Williams*, 246 Ark. 463, 438 S. W. 2d 717 [1969]; *Jan Ree Frocks v. Pred*, 68 S. Dak. 356, 2 N. W. 2d 696 [1942].) The notice requirement is generally considered to be in the nature of a condition precedent to plaintiff's recovery. (*Bennett v. United Auto Parts, Inc.*, 294 Ala. 300, 315 So. 2d 579 [1975]; *Lynx, Inc. v. Ordnance Products*, 273 Md. 1, 327 A. 2d 502 [1974]; *Kohlenberger v. Tyson's Foods*, 256 Ark. 584, 510 S. W. 2d 555 [1974]; *Page v. Camper City & Mobile Home Sales*, 292 Ala. 562, 297 So. 2d 810 [1974].)

It is undisputed in the instant case that plaintiff's petition failed to allege that notice was given; nor was there a general allegation in the petition of fulfillment of all conditions precedent. In fact, the record supports the conclusion that there was no evidence at trial by either plaintiff or defendant indicating whether notice was given pursuant to 84-2-607 (3).

Based on these facts the issue before us boils down to whether plaintiff is barred from any remedy by failure to plead and prove notice. The official UCC comment to 84-2-607 (3) [Comment No. 4] notes that "the rule of requiring notification is designed to defeat commercial bad faith, not to deprive a good faith consumer of his remedy." By receiving timely notice of an alleged breach the seller is afforded an opportunity to prepare his defenses and govern his conduct accordingly. (*Davidson v. Wee*, 93 Ariz. 191, 379 P. 2d 744 [1963].)

Plaintiff purchased the cows from defendant on January 2, 1973. On January 10, 1973, three of the cows were inspected by a veterinarian and found to be older than represented and without calves. The entire herd was inspected around March 1, 1973, whereupon the extent of the breach was fully discovered by plaintiff. Suit was not brought until eight months later, on November 7, 1973.

We have established that the statutory requirement of notice under 84-2-607 (3) is in the nature of a condition precedent which must be pled and proved by the party claiming the breach of warranty. Under K. S. A. 60-209 (*c*) it would have been sufficient for plaintiff to aver generally that all conditions precedent had been performed. (*James v. City of Wichita*, 202 Kan. 222,

447 P. 2d 817.) Having failed to do so, the plaintiff's petition was defective, but plaintiff points out that the issue of notice was not raised at the pretrial conference. The pretrial order filed by the trial court set out the amendments to the pleadings, the allegations of the parties, the issues of law and fact to be determined, and the list of witnesses and exhibits. No reference is made to the issue of notice. Part of the court's order stated:

"IT IS BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that the subsequent course of this action and the trial thereof, relative to the matters so specified, shall be controlled by the following, unless modified to prevent manifest injustice."

Statutory authorization for a pretrial conference is found in K. S. A. 60-216. The final paragraph of that section provides:

"The court in its discretion may, and shall upon the request of either party make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. . . ."

Pursuant to this provision this court has held on many occasions that the orders entered at a pretrial conference have the full force of other orders of the court and they control the subsequent course of the action, unless modified at trial to prevent manifest injustice. (*Herrell v. Maddux,* 217 Kan. 192, 535 P. 2d 935; *Beard v. Montgomery Ward & Co.,* 215 Kan. 343, 524 P. 2d 1159; *Apperson v. Security State Bank,* 215 Kan. 724, 528 P. 2d 1211; *Tillotson v. Abbott,* 205 Kan. 706, 472 P. 2d 240; *Freeto Construction Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, 457 P. 2d 1; *Evangelist v. Bellern Research Corporation,* 199 Kan. 638, 433 P. 2d 380; *Brown v. Hardin,* 197 Kan. 517, 419 P. 2d 912.) Accordingly, it has been held that a party may not raise the inadequacies in a pleading after the issues have been determined by a pretrial order. (*Bilardi Construction, Inc. v. Spencer,* 86 Cal. Rptr. 406, 6 Cal. App. 3d 771 [1970]; *Frank v. Giesy,* 117 F. 2d 122 [9th Cir. 1941].)

In line with this authority we hold that plaintiff's failure to plead and prove the statutory requirement of notice under 84-2-607 (3) was waived by defendant's failure to raise the issue at the pretrial conference. Since it was not one of the issues specified in the pretrial order, and there was no motion to amend the order, it was not necessary for plaintiff to offer evidence of notice at trial. Defendant's

motion for a directed verdict at the close of the evidence came too late to raise the issue for the first time. The pretrial order shall control as to the issues properly before the court. It is therefore our conclusion that the trial court did not err in refusing to grant defendant's motion for a directed verdict or judgment notwithstanding the verdict.

Defendant next contends the trial court erred in instructing the jury as to the measure of damages for breach of warranty. The court instructed the jury as follows:

"No. 10

"The measure of damages for breach of an express or implied warranty is the difference between the value of the goods at the time of delivery and the value had they conformed to the warranty. Damages may not exceed the sum of $25,833.38, this being the amount of the plaintiff's claim."

"No. 11

"If you find for the Plaintiff, then you must award Plaintiff such sum as you believe will fairly and justly compensate the Plaintiff for the damages you believe Plaintiff sustained as a direct result of the occurrence complained of by the Plaintiff. The laws of Kansas provide for consequential damages resulting from the seller's breach of warranty which includes loss from general or particular requirements and needs which the seller at the time of contracting, had reason to know and which the buyer could not have prevented by reasonable care and diligence."

Defendant complains the instructions should have advised the jury of the statutory notice requirement. As previously stated, the question of notice was not pled, tried, or mentioned in the pretrial order. Since it was not an issue in the case it was not necessary for the trial court to instruct the jury on that matter.

Defendant also argues the trial court failed to instruct on incidental and consequential damages in conformity with K. S. A. 84-2-715. Our review of instruction No. 11 discloses that the trial court did instruct substantially in the language of the statute as to consequential damages, and its failure to include an instruction on incidental damages would not be prejudicial to defendant.

In defendant's third point on appeal he argues the trial court erred in instructing the jury on fraud and punitive damages. Instruction No. 12 states:

"No. 12

"If you find that Plaintiff is entitled to recover actual damages and you also find that the conduct of Defendant was willful or constituted fraud, then in addition to the actual damages to which you find Plaintiff entitled, you may award Plaintiff an additional amount as punitive damages in such sum as you

believe will serve to punish Defendant and to deter others from like conduct, not to exceed $10,000.00 the amount prayed for by Plaintiff.

"A willful act is one indicating a design, purpose, or intent on the part of a person to do wrong or to cause an injury to another."

Defendant objected at trial to the giving of the instruction for the reason no fraud was proved; hence, punitive damages were not proper under the facts of the case. Defendant correctly states the law to be that the failure to recover actual damages precludes the recovery of punitive damages. (See, *McDonald v. Bauman,* 199 Kan. 628, 433 P. 2d 437; *Schumock v. Meerian,* 175 Kan. 8, 259 P. 2d 173.) Nevertheless, this rule would not operate to bar recovery of punitive damages by plaintiff since it was determined that plaintiff was entitled to recover actual damages.

Defendant does not object to the substance of the instruction given by the trial court, but to the sufficiency of the evidence to justify giving the instruction. As plaintiff points out, the actual wording of the court's instruction came from PIK [Civil] 9.44 (Punitive Damages) and 3.03 (Wilful Conduct). The instruction is in conformity with the general rule that damages for breach of contract are limited to pecuniary losses sustained, and exemplary or punitive damages are not recoverable in the absence of an independent tort. (*Service Oil Co., Inc. v. White,* 218 Kan. 87, 542 P. 2d 652; *Gonzalez v. Allstate Ins. Co.,* 217 Kan. 262, 535 P. 2d 919; *Hess v. Jarboe,* 201 Kan. 705, 443 P. 2d 294; *Mabery v. Western Casualty and Surety Co.,* 173 Kan. 586, 250 P. 2d 824; *Moffet v. Kansas City Fire & Marine Ins. Co.,* 173 Kan. 52, 244 P. 2d 228.) Defendant contends there was no evidence to support a finding of an independent tort, nor was there evidence of fraud or willful misconduct.

After reviewing the entire record we are satisfied there was sufficient evidence from which the jury could conclude the conduct of defendant was willful or fraudulent. Plaintiff testified he told defendant he wanted the cattle for breeding purposes and if they were not bred he would have no use for them whatsoever. Despite defendant's assurances that the cows were bred and not more than seven years old, none of the cows actually calved by April 15, 1973, the date warranted. In addition, the veterinarian testified that forty of the cows were older than represented by defendant. The cumulative effect of the evidence, both in the form of testimony and exhibits, is to show an intentional and willful misrepresentation on the part of defendant in order to induce plaintiff to purchase the

cows. By its verdict the jury so found and under the circumstances we cannot say as a matter of law that it was error for the trial court to instruct on punitive damages.

Defendant's fourth point on appeal raises the question of whether the trial court erred by refusing to submit certain interrogatories to the jury which dealt with the problem of notice. In view of our determination that notice was not a proper issue before the court, it was not error for the court to refuse to submit interrogatories dealing solely with that issue.

As his fifth and final point defendant argues the evidence is insufficient to support the jury's award of $22,000 actual damages and $3,000 punitive damages. Any verdict or finding of a jury cannot be disturbed by this court on appeal if there is substantial competent evidence in the record to support it. (*McCarthy v. Tetyak,* 184 Kan. 126, 334 P. 2d 379.) We have heretofore decided that the trial court properly instructed the jury as to the measure of damages. Plaintiff was entitled to actual damages for breach of warranty equal to the difference between the value of the goods at the time of delivery and the value had they conformed to the warranty, plus any consequential damages resulting from the breach. The record contains the testimony of plaintiff regarding the damages incurred as a result of defendant's breach of warranty. Defendant complains that the loss of the calf crop and feed costs were not proper elements of damages to be considered by the jury in computing their award.

As to the question of awarding damages for the loss of calf crop, the record confirms that plaintiff told defendant he wanted the cows strictly for breeding purposes, and if they were not bred the cows would be of no use to him. Under these circumstances, we believe it was within the discretion of the jury to award a reasonable amount as damages for the loss of profits expected from the calves. Cases indicating that the loss of offspring is a proper item of damages under appropriate circumstances are: *Broquet v. Tripp,* 36 Kan. 700, 14 Pac. 227; *Bosscher v. Leenders,* 49 Wash. 2d 397, 301 P. 2d 1080 (1956); and *Boylan v. McMillan,* 137 Iowa 142, 114 N. W. 630 (1908).

There is also authority for the award of damages to cover feed costs in caring for livestock which were unable to perform as warranted. (*Cooper v. Ragsdale,* 96 Kan. 772, 153 Pac. 516; *Hostetler v. Bartholomew,* 95 Kan. 217, 147 Pac. 1134; *Turner v. Kunde,* 256 Iowa 835, 128 N. W. 2d 196 [1964]; *Balch v. Newberry,* 208 Okla.

46, 253 P. 2d 153 [1953]; *Loisseau v. Gates, et al.*, 31 S. Dak. 227, 140 N. W. 258 [1913].) Under the facts presented in the record we conclude the cost of feed was a proper item of damages to be considered by the jury.

We find no error in the jury's award of damages, both actual and punitive. The judgment of the lower court is affirmed.