James L. POINDEXTER and Deborah S. Poindexter, Plaintiffs,

v.

MORSE CHEVROLET, INC. d/b/a/ Morse Chevrolet–Geo, Inc., and Mid–Continent Lease & Rental Car Sales, Inc., Defendants.

No. CIV.A. 02–2436–KHV.

United States District Court, D. Kansas.

July 10, 2003.

Bernard E. Brown, James A. Rynard, Jr., The Brown Law Firm, Kansas City, MO, for Plaintiffs.

David J. Roberts, Kevin D. Case, Case & Roberts, PC, Jeffrey R. Siegel, Shaffer, Lombardo & Shurin, Kansas City, MO, Justin J. Johl, Kevin J. Karpin, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

James L. and Deborah S. Poindexter bring suit against Morse Chevrolet, Inc. ("Morse") and Mid–Continent Lease and Rental Car Sales, Inc. ("Mid–Continent"). Plaintiffs allege that defendants violated the Magnuson–Moss Warranty Act, 15 U.S.C. § 2310, and the Kansas Consumer Protection Act, K.S.A. §§ 50–626 and 627. Plaintiffs also allege that defendants committed fraud and negligent misrepresentation. This matter is before the Court on *Defendant Mid–Continent Lease & Rental Car Sales, Inc.'s Motion For Judgment On The Pleadings* (Doc. # 51) filed April 23, 2003, *Defendant Morse Chevrolet, Inc.'s Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction* (Doc. # 62) filed May 12, 2003, *Defendant Mid–Continent Lease & Rental Car Sales, Inc.'s Motion To Dismiss Morse Chevrolet, Inc.'s Cross–Claim And For More Definite Statement* (Doc. # 72) filed June 3, 2003, and *Plaintiffs' Motion To Strike Pleadings Of Separate Defendant Mid–Continent Lease And Rental Sales, Inc. Relating To The Motion To Dismiss Of Defendant Morse* (Doc. # 84) filed June 25, 2003. For reasons stated below, Mid–Continent's motion for judgment on the pleadings (Doc. # 51) is sustained, Morse's motion to dismiss (Doc. # 62) is sustained, and Mid–Continent's motion to dismiss Morse's cross claim (Doc. # 72) and plaintiff's motion to strike (Doc. # 84) are moot.

## I.  Mid–Continent's Motion For Judgment On The Pleadings

### Legal Standard

A motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6). *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir.1992). Such a motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers., Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In reviewing a Rule 12(c) motion, the Court assumes the truth of plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in their favor. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). The issue in reviewing the sufficiency of plaintiffs' complaint is not whether they will prevail, but whether they are entitled to offer evidence to support their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although plaintiffs need not precisely state each element of their claims, they must plead minimal factual allegations on those material elements that must be proved. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

### Factual Background

The factual allegations of plaintiffs' complaint may be summarized as follows:

On May 12, 1997, plaintiffs went to Morse Chevrolet ("Morse") in Overland Park, Kansas to purchase a vehicle. A

sales representative showed plaintiffs a used 1996 Chevrolet Lumina (the "Lumina"), told them the purchase price and described the car as having one owner who had recently traded in the vehicle. The sales representative did not disclose any other details regarding the Lumina's history.

On May 15, 1997, plaintiffs returned to Morse, spoke with the same sales representative, test-drove the Lumina and discussed purchase price and monthly payments with Morse personnel. During the discussion, Morse informed plaintiffs about a lease option agreement by which plaintiffs could lease the car for 48 months and have the option to purchase it at the end of the lease. Plaintiffs agreed to lease the vehicle[1] and paid $880.00 for a General Motors protection plan which covered the Lumina under the manufacturer's new vehicle limited warranty up to 60 months or 60,000 miles, whichever occurred first.[2]

Plaintiffs experienced numerous problems with the Lumina. In the first week, they experienced a malfunction with the air conditioner, problems adjusting the right mirror and a loose right rear door handle. Over the next two and one-half years, the problems continued. These included problems adjusting the right mirror, a loose antenna base, a missing spare tire adapter, inoperative right front and left rear power windows, water leaks onto the front right floor and in the trunk, loose windshield molding, a cracked rear intake gasket, oil leaks in the nipple for the heater hose and the pump drive, a rear door which was difficult to open and close, unusual noises from the air conditioner blower motor, engine sputtering at low speeds and misfiring on acceleration, and rattling and clunking sounds when the front end went over bumps. Plaintiffs regularly took the Lumina to Morse for repairs.

On September 12, 2000, plaintiffs took the Lumina to Morse to have the trunk repaired. For the first time, service personnel told plaintiffs that the Lumina had been wrecked. Plaintiffs then investigated the Lumina's history. They found out that a Nevada resident had originally purchased the Lumina in 1995. In July of 1996, it was involved in a wreck and the owner's insurance company paid a total loss claim. On December 20, 1996, Dixco Sales & Leasing bought the Lumina. On January 7, 1997, it sold the car to Mid–Continent Lease & Rental Car Sales, Inc. ("Mid–Continent"), which on May 12, 1997, sold the car to Morse.

Plaintiffs have filed suit against Morse, the dealership, and Mid–Continent, the company that sold the Lumina to Morse. Plaintiffs allege that they are entitled to relief under the Magnuson–Moss Warranty Act ("Magnuson–Moss Act") because defendants breached the implied warranty of merchantability as set out in K.S.A. § 84–2–314.[3] Plaintiffs also claim that they are entitled relief under the Kansas Consumer Protection Act because defendants engaged in deceptive acts and unconscionable practices which constitute fraud or negligent misrepresentation, in that defendants knowingly made false representations or had superior knowledge of the problems with the Lumina, which was not within the reasonable reach of plaintiffs. Mid–Continent denies plaintiffs' claims.

---

1. Under the agreement, Morse sold the Lumina to Falcon Capital, LLC of Scottsdale, Arizona ("Falcon"), and Falcon required plaintiffs to pay $298.83 per month for 48 months.

2. The warranty commenced on the Lumina's "in-service date" of September 19, 1995.

3. Plaintiffs claim the Lumina would not pass without objection in the trade and was not fit for its ordinary purpose.

## Analysis

Mid–Continent argues that it is entitled to judgment on the pleadings because plaintiffs cannot meet the $50,000 amount in controversy requirement under the Magnuson–Moss Act and the Court therefore lacks subject matter jurisdiction.[4] In its *Memorandum In Support Of Motion For Judgment On The Pleadings* (Doc. # 52), Mid–Continent argues that the requirement is not met because plaintiffs do not state a claim for fraud against Mid–Continent, which means that they are not entitled to include punitive damages in the required $50,000. In its *Reply To Response To Motion For Judgment On The Pleadings* (Doc. # 64), Mid–Continent modifies its argument in light of *Salter v. Al–Hallaq*, No. 02–2406–JWL, 2003 WL 1872991, at *3 (D.Kan. Apr. 10, 2003), which holds that under Kansas law, punitive damages arising from a fraud claim cannot be used in calculating the Magnuson–Moss Act amount in controversy. Mid–Continent alternatively argues that the Magnuson–Moss Act borrows its statute of limitations from state law and that under K.S.A. § 84–2–725, "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Thus, Mid–Continent argues that plaintiffs' claims are barred.

### A. Amount In Controversy Requirement

■ The Magnuson–Moss Act confers federal jurisdiction only when the amount in controversy is at least $50,000 "exclusive of interest and costs, computed on the basis of all claims to be determined in [the]

suit." 15 U.S.C. §§ 2310(d)(1)(B) & (d)(3)(B). The Court must dismiss plaintiffs' claims if it appears to a legal certainty, from the face of plaintiffs' complaint, that they cannot recover the amount claimed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). To determine whether plaintiffs have satisfied the jurisdictional amount, the Court looks to the face of their complaint. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998) (plaintiffs' claim for damages controls if apparently made in good faith).

In their complaint, plaintiffs claim that they sustained damages in excess of $50,000 because Mid–Continent breached an implied warranty of merchantability through fraudulent conduct, *Complaint* (Doc. # 1) filed September 11, 2002 at ¶¶ 42, 47, 55, and is therefore liable for actual and punitive damages under Kansas law. *Id.* at ¶¶ 45, 53, 57.[5] Specifically, plaintiffs claim that they lost (1) the value of the Lumina; (2) finance charges, taxes and license fees; (3) investigation expenses; (4) the cost of insurance premiums and repairs; (5) attempts to cover; and (6) costs related to their emotional pain and suffering. The complaint, however, only asserts that plaintiffs paid $298.83 for 48 months ($14,343.84) to lease the Lumina, $800 for the warranty, and $7,807.50 for the lease-end purchase option, and that they sustained a $400 loss for a video camera which was ruined by a leak in the Lumina's trunk. These damages total $23,431.34. It therefore appears that plaintiffs must rely on punitive damages to

---

4. The Magnuson–Moss Act is the only basis for federal jurisdiction in this case. The remaining claims, under the Kansas Consumer Protection Act and for fraud and negligent misrepresentation, are pendent state law claims.

5. Plaintiffs claim that Morse and Mid–Continent are jointly and severally liable for actual damages and individually liable for punitive damages. *Complaint* (Doc. # 1) at ¶ 45, 49, 57, 63.

reach the $50,000 amount in controversy requirement.

Plaintiffs argue that they may consider punitive damages when calculating the amount in controversy. Specifically, they argue that Judge John W. Lungstrum's opinion in *Salter v. Al–Hallaq,* No. 02–2406–JWL, 2003 WL 1872991 (D.Kan. Apr. 10, 2003) conflicts with Kansas and Tenth Circuit case law; that other jurisdictions have allowed parties to consider punitive damages under the Magnuson–Moss Act; and that K.S.A. § 84–1–103 allows recovery of punitive damages for breach of contract when fraud is present. Mid–Continent responds that plaintiffs misinterpret *Salter* and that other jurisdictions do not allow punitive damages in calculating the amount in controversy. Plaintiffs and Mid–Continent agree that punitive damages may only be included if Kansas law allows punitive damages for breach of warranty. *See Plaintiffs' Memorandum In Opposition To Mid–Continent's Motion For Judgment On The Pleadings* (Doc. # 61) at 16–19; *Mid–Continent's Reply To Response To Motion For Judgment On The Pleadings* (Doc. # 64) at 11–12.

> The Magnuson–Moss Act provides that a consumer who is damaged by the failure of a ... warrantor ... to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief -
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.

15 U.S.C. § 2310(d)(1). The scope of federal jurisdiction under the Magnuson–Moss Act is limited, however, by 15 U.S.C. § 2310(d)(3), which provides in relevant part that no claim shall be cognizable in a suit brought in federal district court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of *all claims to be determined in this suit.*" 15 U.S.C. § 2310(d)(3)(B) [emphasis added]. Here, the issue is whether "all claims" means all of plaintiffs' state and federal claims, which would allow plaintiffs to aggregate damages sought in related state claims, or only their Magnuson–Moss Act claims.

### 1. *Salter*

In *Salter,* Judge Lungstrum held that because Kansas law does not permit plaintiffs to recover punitive damages for breach of warranty per se, plaintiffs may not count claims for punitive damages toward the amount in controversy requirement under the Magnuson–Moss Act.[6] *See* 2003 WL 1872991, at *3. Judge Lungstrum also noted that an independent cause of action for fraud, for which punitive damages *are* available under Kansas law, cannot confer jurisdiction because fraud is a pendent state law claim. *Id.* at *3, n. 1. In other words, punitive damages may not be counted toward the amount in controversy requirement under the Magnuson–Moss Act because fraud arises under state law, not under the Magnuson–Moss Act. *Id.* at *2–3.

Plaintiffs rely on *Zurn Contructors v. B.F. Goodrich Co.,* 746 F.Supp. 1051, 1057 (D.Kan.1990), *Equitable Life Leasing Corp. v. Abbick,* 243 Kan. 513, 757 P.2d 304 (1988), and *Dold v. Sherow,* 220 Kan. 350,

---

**6.** In *Salter,* plaintiff purchased a car from defendant, which she claimed to be worth much less than what defendant had represented. Plaintiff sued defendant for fraud and breach of warranty under the Magnuson–Moss Act, claiming $25,000 in actual damages and $75,000 in punitive damages.

552 P.2d 945 (1976), for the proposition that Kansas courts award punitive damages for breach of contract if the conduct constituting the breach is also fraudulent. *See Plaintiffs' Memorandum In Opposition To Mid–Continent's Motion For Judgment On The Pleadings* (Doc. # 61) at 17–19. Nonetheless, "Kansas law awards punitive damages for the accompanying tort, not for the breach of contract itself." *Salter,* 2003 WL 1872991, at \*2; *see also Zurn,* 746 F.Supp. at 1057 ("it is undisputed that, under Kansas law, punitive damages may not be recovered under a breach of contract claim, unless plaintiff pleads and proves an independent tortious act"); *Equitable Life,* 243 Kan. at 516, 757 P.2d 304 ("breach of contract, standing alone, does not call for punitive damages, but such damages are allowed if an independent tort of fraud is proven"); *Dold,* 220 Kan. at 355, 552 P.2d 945 ("damages for breach of contract are limited to pecuniary losses sustained and punitive damages are not recoverable in the absence of an independent tort"). None of plaintiffs' cases address the amount in controversy issue, and they do not support plaintiffs' position.

### 2. Other Jurisdictions

Plaintiffs argue that several other jurisdictions have allowed parties to consider punitive damages under the Magnuson–Moss Act and that the Court should follow those decisions rather than *Salter.* Plaintiffs cite *In re Gen. Motors Corp. Engine Interchange Litig.,* 594 F.2d 1106, 1132 n. 44 (7th Cir.1979), *Benedetto v. GMAC,* No. 00–0912–CV–W–5 (W.D.Mo. Apr. 5, 2001) (unpublished), and *Z.D. Howard Co. v.*

**7.** Mid–Continent relies on *Salter,* arguing that punitive damages are not recoverable for breach of warranty, and cites cases from other jurisdictions to support that proposition. *See Mid–Continent's Reply To Response To Motion For Judgment On The Pleadings* (Doc. # 64) at 12 (citing *Ansari v. Bella Auto.*

*Cartwright,* 537 P.2d 345 (Okla.1975), for the proposition that punitive damages are recoverable under the Magnuson–Moss Act. *See Plaintiffs' Memorandum in Opposition to Mid–Continent's Motion for Judgment on the Pleadings* (Doc. # 61) at 22.[7] In *Gen. Motors Corp.,* the Seventh Circuit declined to decide whether punitive damages are available under the Magnuson–Moss Act, but indicated that punitive damages would only be available to the extent authorized by state law. *See* 594 F.2d at 1132 n. 44. In *Z.D. Howard Co.,* the Oklahoma Supreme Court addressed whether punitive damages may be awarded in breach of contract actions when an independent tort is present—not whether those punitive damages count toward the amount in controversy. *See* 537 P.2d. at 347. These authorities are not germane. In *Benedetto,* which is more on point, the Western District of Missouri allowed punitive damages to count toward the $50,000 amount in controversy requirement. *See Benedetto v. GMAC et al,* No. 00–0912–CV–W–5 (W.D.Mo.), order filed Apr. 5, 2001 at 6–9. This decision is not persuasive, however, because the court did not cite relevant case law or explain its rationale.

### 3. K.S.A. § 84–1–103

Plaintiffs argue that K.S.A. § 84–1–103 allows punitive damages for breach of contract when fraud is present, because it states that "unless displaced by the particular provisions of chapters 1 through 9 of this title, the principles of law and equity, including ... the law relative to ... fraud ... shall supplement its pro-

*Group., Inc.,* 145 F.3d 1270 (11th Cir.1998); *Grant v. Cavalier Mfg., Inc.,* 229 F.Supp.2d 1332 (M.D.Ala.2002); *Grubbs v. Pioneer Hous., Inc.,* 75 F.Supp.2d. 1323 (M.D.Ala. 1999); *Rose v. A & L Motor Sales,* 699 F.Supp. 75 (W.D.Pa.1988)).

visions." Kansas law makes clear, however, that remedies in contract actions must protect parties' expectation interests, not punish the party in breach.[8] K.S.A. § 84–1–106. Plaintiffs' interpretation of K.S.A. § 84–1–103 conflicts with this provision. Because K.S.A. § 84–1–103 states that the law of fraud shall supplement other provisions, but not supplant them, any punitive damages must pertain to fraud, not to breach of warranty. *See Aetna Fin. Co. v. Hendrickson*, 526 N.E.2d 1222, 1226 (Ind. Ct.App.1988) (common law principles only supplement and do not supplant Indiana's identical provision of U.C.C.). Therefore, although punitive damages may be awarded for independent torts in breach of contract actions, they may not count toward the amount in controversy. *See Salter*, 2003 WL 1872991, at *3.[9]

█ Section 84–1–103 does not allow plaintiffs to count toward the Magnuson–Moss amount in controversy requirement the punitive damages which arguably flow from their fraud claim. Without punitive damages from their fraud claim, plaintiffs allege only $23,431.34 in damages. The Court therefore lacks subject matter jurisdiction over plaintiffs' Magnuson–Moss Act claim and may not exercise supplemental

jurisdiction over plaintiffs' pendent state law claims. It therefore sustains Mid–Continent's motion for judgment on the pleadings.

█ The Court's conclusion in this regard is solidified by the fact that 15 U.S.C. § 2310 creates a scheme of limited jurisdiction. "The purpose of [the Magnuson–Moss Act's] jurisdictional provisions is to avoid trivial or insignificant actions being brought as class actions in the federal courts." H.R. No. 93–1107 (1974), reprinted in 1974 U.S.C.C.A.N. 7702, 7724.[10] To preserve Congress's distinction between claims allowed in state court and those allowed in federal court, the "all claims" language of 15 U.S.C. § 2310(d)(3) must be construed to mean all Magnuson–Moss Act claims, not all federal and state claims. *See Donahue*, 164 F.Supp.2d. at 782.

### B. Statute Of Limitations

Mid–Continent alternatively argues that it is entitled to judgment on the pleadings because the Magnuson–Moss Act's four-year statute of limitations bars plaintiffs' claims.[11] Plaintiffs argue that their cause of action did not accrue until they discovered the breach of warranty, that the pres-

---

8. K.S.A. § 84–1–106 states that

   The remedies provided by this act shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special not penal damages maybe had except as specifically provided in this act or by other rule of law.

9. Plaintiffs argue that public safety concerns should be considered because punitive damages for breach of contract could deter sales of unsafe cars. They rely on law review articles to support their theory that punitive damages should be allowed for breach of contract. These articles raise interesting issues but plaintiffs' concerns should be addressed to the Kansas legislature rather than this Court.

10. Some courts have interpreted this statement to mean that Congress intended to keep all trivial or insignificant actions out of federal court, regardless whether they are class actions. *Critney v. Nat'l City Ford, Inc.*, No. 03–CV–0293 B, 2003 WL 1858196, at *2 (S.D.Cal. Apr. 3, 2003); *Donahue v. Bill Page Toyota*, 164 F.Supp.2d. 778, 782 (E.D.Va. 2001). In *Critney*, the court concluded that aggregation of federal and state claims to meet the amount in controversy would "significantly undermine" this purpose because many breach of warranty claims, which alone are too trivial to be brought in federal court, would be combined with state law claims for the sole purpose of establishing jurisdiction. *Critney*, 2003 WL 1858196, at *2.

11. Mid–Continent relies on K.S.A. § 84–2–725.

ence of fraud tolls the running of the statute, and that the Lumina was under a new vehicle warranty when they bought it, so future performance of the warranty tolls the running of the statute.[12] Because the Court lacks subject matter jurisdiction, it cannot determine these issues.

## II. Motion By Morse Chevrolet To Dismiss For Lack Of Subject Matter Jurisdiction

Morse argues that the Court should dismiss this case because it lacks subject matter jurisdiction in that plaintiffs cannot meet the $50,000 amount in controversy requirement under the Magnuson–Moss Act. *See Memorandum Of Law In Support Of Defendant Morse Chevrolet, Inc.'s Motion To Dismiss For Lack Of Subject Matter Jurisdiction* (Doc. # 63) filed May 12, 2003 at 3. For reasons previously stated, the Court agrees. It therefore sustains Morse's motion to dismiss.[13]

**IT IS THEREFORE ORDERED** that *Defendant Mid–Continent Lease & Rental Car Sales, Inc.'s Motion For Judgment On The Pleadings* (Doc. # 51) filed April 23, 2003 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that *Defendant Morse Chevrolet, Inc.'s Rule 12(b)(1) Motion To Dismiss for Lack Of Subject Matter Jurisdiction* (Doc. # 62) filed May 12, 2003 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that *Defendant Mid–Continent Lease & Rental Car Sales, Inc.'s Motion To Dismiss Morse Chevrolet, Inc.'s Cross–Claim And For More Definite Statement* (Doc. # 72) filed June 3, 2003 be and hereby is **OVERRULED AS MOOT.**

**IT IS FURTHER ORDERED** that *Plaintiffs' Motion To Strike Pleadings Of Separate Defendant Mid–Continent Lease And Rental Sales, Inc. Relating To The Motion To Dismiss Of Defendant Morse* (Doc. # 84) filed June 25, 2003 be and hereby is **OVERRULED AS MOOT.**

---

**12.** Plaintiffs rely on K.S.A. § 84–2a–506, K.S.A. § 84–2–725, K.S.A. § 84–1–103, and a federal common law discovery rule.

**13.** Because the Court does not have jurisdiction over this case, Mid–Continent's motion to dismiss Morse's cross-claim and for more definite statement, and plaintiffs' motion to strike pleadings are moot.