297 So.2d 810

**Virginia PAGE**

**v.**

**CAMPER CITY & MOBILE HOME SALES, a corp.**

**SC 722.**

Supreme Court of Alabama.

July 11, 1974.

London, Yancey, Clark & Allen and John M. Laney, Jr., Birmingham, for appellee.

John P. Carlton, Birmingham, for appellant.

FAULKNER, Justice.

Virginia Page purchased a "camper" from Camper City. While riding down Interstate 59 between Birmingham and Gadsden, the seat in which Ms. Page was sitting gave way, due to faulty construction. As a result, she was thrown backward into the interior of the camper, where she suffered alleged serious injuries. Immediately following the incident, Ms. Page drove to Camper City's place of business and indicated what had occurred. Camper City thereupon modified and strengthened the seat and tended to Ms. Page's physical injuries on the spot.

Almost four years later [1] in July, 1972, a suit was filed by Ms. Page against Camper City for breach of warranty both express and implied. Camper City filed a general demurrer [2] and later amended it by adding the fact that the plaintiff had failed to allege in her complaint that *written* notice of the breach had been given. In July, 1973, the new Alabama Rules of Civil Procedure became effective. On August 7, 1973, the trial judge elected to treat the demurrer as a motion to dismiss and dismissed the case. A motion by Ms. Page to have the judgment of dismissal vacated and for leave to amend the complaint was overruled. This appeal followed.

One of the principal issues for decision in this appeal is whether or not written no-

tice of a breach is required in this situation. If the notice given by Ms. Page, when she went to see Camper City after the accident, is consistent with the letter and spirit of the Uniform Commercial Code and § 2–607(3)(a) in particular, then the trial court improperly granted the motion to dismiss, based on the grounds stated in the amended demurrer.[3] Title 7A, Code of Alabama, § 2–607(3)(a) states as follows:

> "(3) Where a tender has been accepted
>
> "(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; and . . ."

This subsection uses the word "notify", saying nothing about the method by which it is to be done. While in a subsection below, § 2–607(5)(a), the term "written notice" is specifically used. If the drafters had intended a requirement of written notice for § 2–607(3)(a) they could have easily included that requirement, but here they did not. We therefore find that the word "notify" as used in § 2–607(3)(a) encompasses a proper oral notification of any breach. Our conclusion is strengthened by the observation of a recent text on the Uniform Commercial Code, where the authors indicate that the word "notifies" is defined in such a way in Title 7A, § 1–201(26) as to reasonably include oral communication. Additionally, written requirements throughout the U.C.C. are usually imposed by the word "sent" or one of its derivatives. J. White & R. Summers, Uniform Commercial Code 348 (1972).

The Official Comment to § 2–607 sets out what type of notice was envisioned by

---

1. Title 7A, § 2–725(1) provides for a four-year statute of limitations in contracts for sale.

2. Two of the three grounds in the original demurrer deal with negligence and not statutory breach of warranty. The third states there

was a failure to state a cause of action and as such is not sufficient, due to lack of specificity.

3. As indicated in Note 2, the original demurrer was not well taken, as the grounds were without merit.

the drafters of the Code. Comment 4 says in part:

"The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer, . . . Nor is there reason for requiring the notification to be a claim for damages or any threatened litigation or other resort to remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation."

■ In Smith v. Pizitz, 271 Ala. 101, 122 So.2d 591 (1960), this court held that the allegation of notice is a condition precedent to recovery in consumer as well as commercial cases. As to what would constitute sufficient notice, it was indicated the degree of notice which at least comports with the notice an ordinary tort-feasor would have of his breach of duty is sufficient. Generally however, as in the case of what is a "reasonable time" under § 2–607, sufficiency of notice must be tested in light of the facts of the particular case. See Redman Industries v. Binkey, 49 Ala.App. 595, 274 So.2d 621 (1973).

■ Under the circumstances, the notice provided by Ms. Page was sufficient to inform the seller of the breach and its possible ramifications. Written notice also being unnecessary, we find that there was not a sufficient ground upon which to grant a dismissal. There might be some question as to whether there was an allegation of notice, but the amended complaint proffered by the appellant contained facts amounting to such an allegation. In any event, in the demurrer then before the court, this matter was not raised. Still believing Ms. Page needed to allege written notice, the trial court apparently refused to accept the amendment and vacate its earlier ruling.

■ Camper argues for the first time, on appeal, that the Circuit Court was without subject matter jurisdiction. We reject it. Ms. Page should have included a dollar amount in her claim for damages. The model forms in the appendix to the Alabama Rules of Civil Procedure suggest that a dollar amount should be included in the claim or demand for damages. The question, however, remains: "Was the failure to include a dollar amount jurisdictional?" We hold that it was not, in this case. Although we will notice lack of subject matter jurisdiction for the first time on appeal, we do not find that subject matter jurisdiction was not present in the instant case. The complaint alleged that the plaintiff's injuries were severe and disabling. This allegation was sufficient to invoke the subject matter jurisdiction of the Circuit Court.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

HEFLIN, C. J., concurs in the result.