315 So.2d 579

Jerry BENNETT

v.

UNITED AUTO PARTS, INC., a corporation, and A. B. C. Jack Woldert, Jr.

SC 1215.

Supreme Court of Alabama.

July 3, 1975.

J. Huntley Johnson, Dothan, for appellant.

Lee & McInish, Dothan, for appellee, United Auto Parts, Inc.

Buntin & Cobb, Dothan, for appellee Jack Woldert, Jr., d/b/a Woldert Enterprises.

MADDOX, Justice.

Did the buyer give the seller adequate and timely notice under the Uniform Commercial Code? That is the question presented by this appeal.

Plaintiff, Jerry J. Bennett, bought two automobile jack stands from the defendant,

**302**

United Auto Parts, for use in his automobile garage business. The jack stands were manufactured by Jack Woldert, Jr., d/b/a Woldert Enterprises of Tyler, Texas.

While repairing an automobile in his garage, plaintiff, Bennett, injured his hand when one of the jack stands collapsed, thereby causing the car to slip off the jack. Plaintiff was treated at a local hospital as an out-patient for a severe hand laceration and a fractured finger.

Plaintiff-buyer filed a suit against United Auto Parts, claiming breach of warranty. United defended against the claim, contending that, at most, plaintiff only gave it notice of an injury and that plaintiff never notified it of any breach of warranty, express or implied. United also filed a third-party complaint against the manufacturer of the jack stands, Jack Woldert, d/b/a Woldert Enterprises.

Subsequently, United filed a motion for summary judgment and, in support of its motion, attached an affidavit of one of its employees and a deposition of the plaintiff Bennett. In his affidavit, United's employee, one Beasley, stated that "sometime later, probably a week or a month later, [i. e. after the accident], Jerry Bennett came into the store with one arm in a sling and a cast on his arm. I asked him what happened and he told me he was working on a car and car fell or slipped off the jack stand and pinned his arm down and broke it. He did not bring the stand in nor did he mention whether or not it had been damaged. He came back in the store several times since our conversation, but never said anything else about the accident or the jack stands."

In his deposition, plaintiff testified, in relevant part, as follows:

"Q Now, Jerry, do you know who you bought the jack stands from?

"A No, I don't. All I know, I bought them from United Auto Parts.

"Q All right. Did you ever go back out there and talk to them after this happened?

"A No sir.

"Q Did you ever—

"A I just showed them what my hand —what them stands had done to my hand. That's all I said. You know—

"Q You say you showed them—you showed them your injured hand?

"A I was all in a cast and everything and they asked me how it happened, and I said, 'Them phony stands you all sold me done this to me.'

"Q Well, what actually did you tell them?

"A That's all. Just talking. I didn't really, you know—

"Q Well, you told them something about what happened, or did you—

"A I just told them that the jack stand collapsed on me and caused me to have all this. See, they had me plastered from here all the way around—down, and I couldn't even use my hand. (Indicating)" [Emphasis added.]

It is undisputed that approximately eight months after the accident, plaintiff's attorney wrote a letter to United, informing United that the jack stand had collapsed. The full text of the letter is not in the record, however.

The trial court granted United's motion for summary judgment. Plaintiff appealed. The critical question presented on this appeal is the adequacy of plaintiff's "notice" to the seller of the automobile jack stands.

Title 7A, § 2–607(3)(a), provides:

"(3) Where a tender has been accepted

(a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the

seller of breach or be barred from any remedy; and . . ."

On at least two occasions, this Court has held that the allegation of notice is a condition precedent to recovery in consumer as well as commercial cases. *Page v. Camper City and Mobile Home Sales,* 292 Ala. 562, 297 So.2d 810 (1974); *Smith v. Pizitz,* 271 Ala. 101, 122 So.2d 591 (1960). In *Page,* this Court held that *written notice* of a breach was not required by Title 7A, § 2-607(3)(a). There, this Court stated that the type of notice which was envisioned by our statute was contained in Comment 4 to § 2–607, which states, in part:

"The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer, as under the section covering statements of defects upon rejection (Section 2–605). Nor is there reason for requiring the notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation."

United Auto Parts does not think that the *Page* decision is dispositive of the question presented here. It says that *Page* only holds that written notice of a breach is not required. United argues that the issue presented on this appeal is not whether or not oral notice of the breach is sufficient, but whether or not the plaintiff gave to it *notice of the breach at all.*

The notice which Bennett gave United in this case is strikingly similar to the notice Mrs. Page gave to Camper City in *Page.* Additionally, plaintiff's attorney, even though it was approximately eight months

later, notified United of the fact that the jacks had collapsed. Using *Page* as our authority, we think the notice given was sufficient to prevent the issuance of summary judgment.

██ United, as the moving party for summary judgment, had the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitled it to a judgment as a matter of law. On review, all reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.

██ It is not the function of the trial court at the summary judgment hearing to resolve any genuine factual issue in ruling on the motion, all factual inferences are to be taken against the moving party and in favor of the opposing party. The appellate court will do likewise in reviewing the trial court's grant of summary judgment. Discretion plays no real role in the grant of summary judgment. The grant of summary judgment must be proper under the above principles or the grant is subject to a reversal. The trial court may, however, exercise a sound discretion in denying summary judgment, appropriate to the case at hand, although the movant may have technically shouldered his burden. Moore's Federal Practice Vol. 6, § 56.23, p. 2856.

We are of the opinion that the grant of summary judgment, in this case, was not proper.

After the trial court granted United's motion for summary judgment, Jack Woldert, d/b/a Woldert Enterprises, asked the court to dismiss the third-party complaint. The court granted Woldert's motion.

██ Woldert was made a party to the appeal. Woldert has filed a motion here to dismiss the appeal as to him on the ground that no appeal was taken from the court's order dismissing the third-party complaint. This is correct, but after an examination of the record, we are con-

vinced that the motion to dismiss the third-party complaint was granted because the trial court had granted the original defendant's (third-party plaintiff's) motion for summary judgment. Since we have reversed the judgment of the trial court granting the motion for summary judgment, we are of the opinion that the ends of justice will best be served by reversal and vacation of the judgment dismissing the third-party complaint, since its dismissal was based upon the granting of the summary judgment which has now been overturned. See *Isay v. Cameron*, 285 Ala. 164, 229 So.2d 916 (1970), and cases therein cited.

The judgment of the trial court granting United's motion for summary judgment is due to be reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.