319 So.2d 279

**James M. STOREY and Allstate Insurance Company, a corporation**

v.

**DAY HEATING & AIR CONDITIONING CO., INC.**

**Civ. 567.**

Court of Civil Appeals of Alabama.

Sept. 3, 1975.

James W. Cameron, Montgomery, for appellee.

Sanford D. Weiss, Montgomery, for appellants.

BRADLEY, Judge.

Appellants-plaintiffs filed an action in the Circuit Court of Montgomery County against appellee-defendant seeking damages in the amount of $925 for the breach of an implied warranty of merchantability under Uniform Commercial Code, Section 2–314. After issue was joined, trial was had before the court and jury with a verdict and judgment being returned in favor of defendant. Plaintiffs appealed from that judgment.

■ The assignments of error suggest that the trial court erred in refusing appellants' motion for a directed verdict and in rendering a judgment that was contrary to the law and the facts. We can be concerned only with the assignments of error directed to the trial court's refusal to grant appellants' motion for a directed verdict, for the other two assignments present nothing for review.

An assignment of error stating that the judgment or decree is contrary to the law or evidence is so general as to present nothing for review. *Allen v. Allen,* 49 Ala.App. 200, 269 So.2d 914; *Bertolla v. Kaiser,* 267 Ala. 435, 103 So.2d 736; and *Jones v. Wise,* 282 Ala. 707, 213 So.2d 914.

In brief appellants say that the record contains sufficient evidence to prove all the essential elements of an action for breach of an implied warranty and a directed verdict should have been given.

The facts as revealed by the record show that appellant Storey engaged appellee in January 1972 to install a heating and air conditioning system in his house. During the installation it was decided, on defendant's recommendation, to install a pump to remove the condensate resulting from the cooling action of the coil. Defendant purchased the pump—which was a sealed unit —from a Montgomery supplier and installed it in Storey's house.

In July of 1972, while Storey and his family were on vacation, the pump failed and the condensate spilled over into the hall, living room and dining room of Storey's house, causing the hardwood floors to buckle and the wall-to-wall carpet to be damaged.

The defendant was contacted and sent a repairman who replaced the pump without charge to Storey.

Storey then contacted his homeowner's insurance carrier about the damage caused by the water. The insurance company paid $925 to have the house repaired.

The defendant testified that he was not asked to pay for any damages nor did he offer to pay for them; he corrected the problem of the defective pump, which was all that was asked of him.

■■ In an action for breach of an implied warranty, the plaintiff must prove the existence of the implied warranty, a breach of that warranty, and damages proximately resulting from that breach. *Geohagan v. General Motors Corp.,* 291 Ala. 167, 279 So.2d 436. The elements of proof set out above necessarily present factual issues which must in most cases be resolved by the jury or by the trial judge sitting without a jury. See Comment 13 to Title 7A, Section 2–314, Code of Alabama 1940, as Recompiled 1958; *McHugh v. Carlton,* 369 F.Supp. 1271 (D.S.C.1974). A directed verdict should be awarded to plaintiff only when the evidence favorable to the defendant, and all reasonable inferences therefrom, is insufficient for the consideration of the jury. *Delchamps, Inc. v. Stewart,* 47 Ala.App. 406, 255 So.2d 586, cert. den. 287 Ala. 729, 255 So.2d 592. Such is not the case here.

■ To establish the existence of an implied warranty of merchantability, the jury must be reasonably satisfied not only that the defendant sold the article in question to the plaintiff, but also that the seller was "a merchant with respect to goods" of the same kind as the article sold to plaintiff.

See Title 7A, Sections 2–104 and 2–314, Code of Alabama 1940, as Recompiled 1958. The evidence here shows without dispute that the condensate pump was sold to plaintiff Storey by defendant, but the evidence is not so conclusive as to whether or not defendant was a merchant with respect to goods of that same kind.

Comment 3 to Section 2–314 provides in pertinent part as follows:

". . . A person making an isolated sale of goods is not a 'merchant' within the meaning of the full scope of this section and, thus, no warranty of merchantability would apply."

There is no direct evidence in the record that defendant ever sold any condensate pumps other than this one sold to Storey. However, defendant testified knowledgeably about the workings and installation of condensate pumps, and it was he who recommended that the pump be installed. From this testimony an inference could be gleaned that defendant had installed and sold other condensate pumps during the six years he had been in the heating and air conditioning business.

But the drawings of such an inference would be for the jury. On this record the jury was equally entitled to conclude that the condensate pump sale in question was the only one that defendant had ever made. Either of these conflicting inferences could be drawn from the evidence and neither would be unreasonable. A conclusion that this sale was in all respects an "isolated" one would certainly warrant the jury in deciding that the defendant was not a merchant within the meaning of Sections 2–104 and 2–314, *supra*. The existence *vel non* of facts necessary to establish an implied warranty properly rested upon the jury's persuasion that one inference was more probable than the other. The jury found for the defendant, hence we must conclude that the jury decided the defendant was not a merchant. Defendant not being a merchant, there could be no warranty of merchantability. The trial court was correct in denying plaintiff's motion for directed verdict.

No reversible error having been argued, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.