Raymond F. LAND, Plaintiff,

v.

HUFFMAN MANUFACTURING COMPANY, Defendant.

Ann M. LAND, Plaintiff,

v.

HUFFMAN MANUFACTURING COMPANY, Defendant.

Civ. A. Nos. 75–325–N, 75–326–N.

United States District Court, M. D. Alabama, N. D.

Oct. 5, 1976.

Benjamin E. Pool, Montgomery, Ala., for plaintiffs.

William I. Hill, II, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, Ala., for defendant.

ORDER ON SUMMARY JUDGMENT

VARNER, District Judge.

These causes are now before the Court on Defendant Huffman's motions for summary

judgment filed herein September 2, 1976, and on the Plaintiffs' responses thereto filed herein September 17, 1976. The Plaintiffs in these actions are seeking to recover damages for injuries sustained by Mrs. Ann M. Land as the result of an accident which occurred while she was riding an adult tricycle manufactured by Huffman Manufacturing Company. The Plaintiffs have sued the retailer of the tricycle, Western Auto Supply Company, as well as Huffman, on tort and breach of warranty theories. Jurisdiction rests in this Court by virtue of 28 U.S.C. § 1332.

Defendant Huffman has raised two grounds [1] upon which it seeks summary judgment (see pretrial order dated September 8, 1976). Turning first to Huffman's contention that it is entitled to a partial summary judgment on the breach of warranty theory because of lack of privity between itself and the Plaintiffs, it is statutory law that the defense of lack of privity is not available in cases involving personal injury. Code of Alabama, Title 7A, § 2–318.

Huffman also seeks a partial summary judgment on the tort counts on the basis that the statute of limitations has run. The applicable limitations period for a tort is one year. Code of Alabama, Title 7, § 26. The accident in which Ann M. Land was injured occurred on August 5, 1974, and the original complaints in these actions were filed in Montgomery County Circuit Court on August 5, 1975. These causes were subsequently removed to this Court. The original complaints named AMF, Inc., as the Defendant manufacturer. AMF, a competitor of Huffman, was dismissed since it was not the true manufacturer, and Huffman was substituted in AMF's place as the manufacturer by an amended complaint, the motion for leave to amend being filed November 24, 1975. Clearly, Huffman was not named as a Defendant within the one-year limitations period. However, under the Federal Rules of Civil Procedure, an amended complaint relates back to the date of the filing of the original complaint in certain circumstances. Rule 15(c), Federal Rules of Civil Procedure, provides, in part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An *amendment changing* the *party* against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such *notice of* the *institution of the action* that he will not be prejudiced in maintaining his defense on the merits and (2) knew, or *should have known that,* but for a mistake concerning the identity of the proper party, the *action* would have been *brought against him.*" (emphasis added)

It is almost inconceivable that Huffman received notice within the "period provided by law" that such actions were commenced against it. Its name appeared nowhere in the complaint. Huffman would have had to have learned of the present suits the day they were filed since that was the last day of the limitations period. Notice of the action, not notice of the incident giving rise

---

1. Subsequent to the filing of the present motions for summary judgment and the pretrial hearing in these causes, Huffman amended its answer to include the defense of lack of notice by the Plaintiffs of the purported breach of warranty as required by Code of Alabama, Title 7A, § 2–607. Although technically this point need not be addressed by this Court since Huffman has failed to amend its motions for summary judgment which were filed prior to the raising of this defense, it is apparent that Huffman is not entitled to a partial summary judgment on the warranty count on this basis. Section 2–607 provides in part that, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy * * *." There is no evidence in the file to show that, as a matter of law, there was no notice within a "reasonable time". See *Bennett v. United Auto Parts, Inc.,* 294 Ala. 300, 315 So.2d 579 (1975); and Code of Alabama, Title 7A, § 1–204, for definition of "reasonable time". The question of what is "reasonable" is a question of fact and should be decided by the jury after proper instructions.

to the action, is the crucial requirement. *Craig v. United States,* 413 F.2d 854 (9th Cir. 1969); 3 Moore's Federal Practice, ¶ 15.15[4.–2], p. 91 of the supplement to Volume 3. However, there is no evidence that Huffman did not receive notice within the statutory period. Accordingly, it is

ORDERED by this Court that Defendant Huffman's aforesaid motions for summary judgment be, and the same are hereby, denied.