This is an appeal from summary judgment in favor of American Home Assurance Company, one of three defendants in an action filed by Patricia Gail Moses. The judgment was made final and appealable by entry of the requisite determination under Rule 54 (b).
 The Issue
The sole issue on this appeal is the question of whether summary judgment is proper when: (1) an insurance company has a duty to furnish a policyholder, of a group insurance policy, a summary statement of the essential features of that policy, for distribution to that policyholder's employees; (2) the insurance company fails to supply the statement; (3) the policyholder/employer furnishes its own statement of benefits to its employees, which contains a provision that its employees have insurance coverage of 150,000 dollars while traveling on company business; (4) the policy actually only provides for coverage when an employee is traveling on company businessoutside that employee's assigned territory; and (5) an employee is killed while traveling on company business within his assigned territory. We answer the question in the negative and reverse.
 The Facts
The husband of Moses was employed by one of the defendants, Pitney Bowes, as a salesman. While traveling within his regularly assigned territory on company business, he was killed as the result of an automobile accident. Before the accident, American Home issued Pitney Bowes a policy of accident insurance covering all employees of Pitney Bowes for injuries or death occurring while on a bona fide business trip for Pitney Bowes.
The policy contained a rider providing: "[s]alesmen, [s]ervicemen, and [r]epairmen shall be insured hereunder only while on business trips which take them outside their regularly assigned territory." This policy was issued on 1 May 1971 for a term of one year, was renewed each year thereafter without change, and was in effect on 7 November 1975, the day on which Moses' husband was killed. No certificate or other evidence of coverage was issued by American Home to Pitney Bowes or any of Pitney Bowes' employees. No applications were taken from employees of Pitney Bowes for coverage under the American Home policy.
The policy consisted of 21 pages. The provision relied upon by appellant, Patricia Moses, appeared on the last page of the policy and reads as follows:
 "4. CERTIFICATE OF INSURANCE: The Company shall issue to the Policyholder for delivery to each Insured Person an individual certificate which shall state the essential features of insurance to which such person is entitled and to whom benefits are payable if required to do so by the laws of the state in which the Insured Person resides when his insurance becomes effective."
In addition to the accident coverage provided by American Home, Pitney Bowes provided other insurance coverages and retirement benefits. None of the other coverages or benefits were underwritten by American Home.
Each year Pitney Bowes provided its employees a brochure describing all fringe benefits available to them, including the various insurance coverages and disability and retirement benefits. The brochure was prepared entirely by Pitney Bowes without the knowledge or consent of American Home, and there is no reference in the brochure to American Home.
The brochure of benefits provided Mr. Moses during 1975 describing the benefits as of 31 December 1974 contained, among others, the following two provisions:
 "Travel Accident Insurance — an additional benefit of $150,000 is payable if *Page 658 
death results from an accident while traveling on Company business."
 "This statement of your total compensation was produced from data in the Company's records. We have tried to give you accurate figures and realistic estimates of benefits. Since errors can still occur, the information shown on this statement is subject to correction. All benefits are payable according to the provisions of the governing plan documents."
 The Decision
The first question raised by this appeal is: did American Home have a duty to furnish a summary statement of coverage to Pitney Bowes for distribution to Pitney Bowes' employees? We answer in the affirmative.
The Alabama statutes require insurance companies who issue group policies, such as the one involved in this case, to provide "the policyholder for delivery to each person insured an individual certificate setting forth a statement as to the insurance protection" to which each person is entitled. Code 1975, § 27-18-10 and § 27-20-2. American Home contends that such statutes do not apply to its policy because they became effective after the original issuance of the policy. We find that both the statutes and the policy itself placed a duty on American Home to issue a summary statement of coverage to Pitney Bowes for delivery to each of Pitney Bowes' insured employees.
The American Home policy stated that it would issue individual certificates when "required to do so by the laws of the state in which the Insured Person resides when his insurance becomes effective." The policy clearly stated that it was originally effective for the period of 1 May 1971 to 1 May 1972. Thereafter, the policy was renewed each year for another one year period and was modified by amendment over the course of the years. When the policy was renewed for the period 1 May 1972 to 1 May 1973, the policies became subject to those provisions of the Alabama Insurance Code enacted in 1971 which became effective on 1 January 1972. Acts of Alabama, Act No. 407 (Regular Session 1971).
The American Home Policy, when originally issued clearly stated it terminated on 1 May 1972. Each time the policy was renewed, a new effective date for the policy was created, thus, making it subject to any law in effect at the new effective date. As a consequence, American Home had a duty by statute and under the terms of its policy to issue a summary statement of coverage for distribution to Pitney Bowes' insured employees.
Since American Home had a duty to issue a summary statement of coverage to Pitney Bowes for distribution to Moses, we cannot agree with the trial court that summary judgment was proper. We are not holding that Pitney Bowes acted as the agent of American Home, nor are we holding that the brochure describing benefits issued to Moses by Pitney Bowes superseded the policy limitation or estops American Home from denying coverage. Such questions are for the jury to decide. We are holding that genuine issues of material facts exist. We cannot say as a matter of law that American Home could not be liable to Moses under any conceivable set of provable circumstances and that plaintiff could not recover under any cognizable theory of law. Harbour v. Colonial Fast Freight Lines, Inc.,336 So.2d 1100 (Ala. 1976). American Home has not met its burden of showing the absence of any genuine issue as to all material facts under all applicable principles of substantive law. Bennett v. United Auto Parts, Inc., 294 Ala. 300,315 So.2d 579 (1975).
In this case there is a genuine issue as to whether Pitney Bowes acted as American Home's agent in issuing the brochure of benefits. Further, if Pitney Bowes was acting as American Home's agent, there is a genuine issue as to whether American Home is estopped from denying coverage. Generally, issues as to whether a party acted as an agent of another is a question of fact for the jury; therefore, summary judgment would be inappropriate in such cases. See Cashion v. Ahmadi,345 So.2d 268 (Ala. *Page 659 
1977). Similarly, summary judgment is generally inappropriate when questions of estoppel are present, since estoppel is usually a mixed question of law and fact. Alford v. City ofGadsden, 349 So.2d 1132 (Ala. 1977).
For the reasons assigned, the judgment is reversed and the case remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.
 ON REHEARING