The State of Alabama appeals from a judgment of the circuit court of Lawrence County, entered in a highway condemnation suit. The project called for construction of a public highway through Lawrence County.
The State initiated proceedings in the Probate Court to condemn a portion of two parcels of land belonging to the condemnees lying on either side of the Hillsboro Road. Parcel 1 consisted of 4.74 acres; parcel 2 consisted of 3.68 acres. The portion of land to be condemned in each parcel was .34 and .72 acre respectively (total 1.06 acres). Condemnees' residence lay in Parcel 2 on the east side of the road.
The commissioners appointed by the Probate Court fixed the compensation at $8,000.00. Both parties filed notice of appeal to the circuit court. A trial by jury was demanded. The trial court entered judgment for condemnees upon the jury verdict, assessing damages against the State in the amount of $20,000.00.
The State petitioned the trial court for a new trial or alternative relief, viz.: a remittitur. Upon denial of this relief, the State filed its notice of appeal. For the reasons stated below, we affirm.
The State contends that the trial court erred in admitting over strenuous objection a document entitled "Breakdown of Just Compensation." The State argues further that since the verdict was based partially on consideration of this illegal evidence, the verdict is improper and excessive. Thus, the State says, the trial court erred in denying its motion for a new trial or alternative relief.
It is well settled that offers of compromise made during the course of negotiations are inadmissible. East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969); Hughes v. Daniel, 187 Ala. 41,65 So. 518 (1914); McElroy's Alabama Evidence, § 188.01 (3d Ed. Gamble 1977). But, a party's express admission, even though made in the course of negotiations for compromise, is, however, admissible against him. Hughes v. Daniel, supra. Here, we opine that the document was an admission against interest.
In a condemnation proceeding where only a part of the tract is taken, the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking.State v. Moore, 382 So.2d 543 (Ala. 1980). Furthermore, if the amount of damages fixed by the jury falls between the high and low valuation testimony, the verdict will not be deemed excessive. State v. Long, 344 So.2d 754 (Ala. 1977).
In the instant case, the jury had several assignments of value before it. The State's valuation testimony was that the condemnees suffered a loss of $3,650.00. The condemnee testified that he was damaged in the amount of $44,000.00. Another witness testified that the loss was between $33,000.00 and $38,000.00.
The fourth figure before the jury was that in the "Breakdown of Just Compensation" — $27,902.00. The State insists that the admission of this figure improperly influenced the jury's verdict and resulted in an award which was improper and excessive. We do not agree.
The State's witness testified, and the condemnees admitted that this offer was withdrawn. Robert Pyron, an employee of the State of Alabama Highway Department assigned to this highway project, testified that the State's original computation of damages suffered by the condemnees was based on erroneous information. When the project involving the highway was begun, *Page 829 
there had been an incorrect plotting on the highway map. Through this error the condemnees' residence appeared to be seven feet from the right-of-way line rather than actually eighty-five feet. When the error was discovered, the map was revised, and the original offer to the condemnees was withdrawn. With this information before the jury, we are not convinced that the verdict was improper and that the State was prejudiced by the admission of the original offer. It is notable that the verdict was well below the amount of damages cited in the State's "Breakdown of Just Compensation."
The State argues that this Court should avoid inflexible adherence to the rules favoring jury verdicts in cases such as this, and strengthening the presumption in favor of the verdict when the trial court refused a motion for new trial. State v.Colley Corp., 295 Ala. 204, 326 So.2d 120 (1976); State v.Rigas, 282 Ala. 541, 213 So.2d 386 (1968). Having found that the verdict was based on competent evidence, however, we do not deem it appropriate to deviate from these standards in the instant case. Thus, we cannot say that the trial court erred in overruling the State's motion for a new trial or alternative relief.
AFFIRMED.
TORBERT, C.J., and JONES, EMBRY and BEATTY, JJ., concur.