This is a condemnation case in which the value of certain property and the house thereon is disputed. The landowner appeals, claiming error by the trial court in submitting certain evidence to the jury. We reverse.
Christopher McArdle, appellant herein, owned a tract of land containing approximately 3.7 acres together with his home located thereon. A large portion of this property was condemned and taken in 1967 by the Alabama State Docks Department (State Docks) for the purpose of widening the public canal of Deer River. In the 1967 condemnation, a small portion of McArdle's dwelling house, which included the carport, part of the utility room, and part of the kitchen, was included in the property taken. At that time, the value of the property taken was appraised at $40,000, but in a settlement McArdle was awarded $50,000.
The 1967 petition to condemn the property described the property to be taken and stated:
 The interest or easement to be acquired by the State of Alabama in said lands is a right-of-way on, over and across said lands for the construction of said public canal by the widening of the Middle Fork of Deer River which presently abuts said lands, said lands to be used perpetually as a public canal. The uses and purposes for which said lands are to be taken are for the necessary right-of-way for said canal with the right to dredge, excavate, cut away and remove all or any portion of said lands and the right to clear and remove all trees, buildings, improvements, structures and obstructions of every nature within said right-of-way. *Page 493 
Nothing in that petition, or in the settlement, alleged that the State Docks would receive or pay for any part of the property at issue now in these 1978 proceedings, nor did the State Docks acquire any right or interest in the remainder of the property which was not taken.
From 1967 until 1978, the appellant continued to reside in the entire dwelling, paid taxes on the property, and made improvements to the dwelling. In 1978, the remainder of the property (.61 acres), including the larger portion of the house, was condemned by the State Docks. At this time, the appellant was offered $24,000 for his property, including that portion of the home located thereon, which was the appraised value of the land as though it was unimproved. In the jury trial that followed, McArdle was awarded $36,000, although his appraisers testified that the property was worth at least $84,075.
The issue to be determined in this case is whether it was reversible error for the trial court to allow the jury to determine, as an issue of fact, whether compensation for the entire dwelling had been paid to McArdle as part of the 1967 proceedings. We find that this was error.
Over the appellant's continuing objection, the trial court allowed the State to introduce into evidence its 1967 appraisal, which showed that the total value of the dwelling was allowed even though only a portion of it was being taken at that time. At the close of the trial, the trial judge, holding that the question was one of fact for the jury to determine, instructed the jury as follows:
 I allowed evidence over the objection of the Defendant to be brought in relative to the taking in 1967. I will point out to the Jury that that taking in 1967 was also a partial taking or partial condemnation of the property belonging to Mr. McArdle. The testimony is that Mr. McArdle owned all of that property as shown on Plaintiff's Exhibit as has been described to you during the course of the trial. That is parcel fifteen and the other tract is thirteen — A. Mr. McArdle at one timed owned all that property, parcel fifteen and parcel thirteen — A, and has been stated to you before in the evidence, they only took part of his land, namely, and we're tal[k]ing about thirteen — A, and that little st[r]ip in the corner which he still owns, and that's where apparently all the problems are coming up relative to the homeplace. That is for you to determine. The facts are uncontroverted however, that they took in the first taking in '67 a portion or part of the homeplace. They did not and again, that's for you to determine whether or not the whole homeplace, was compensated to Mr. McArdle or not compensated to Mr. McArdle, or whether or not he received damages for the whole homeplace. I have allowed that to come in, the taking in '67, so that you may consider as an element for your consideration in arriving at your verdict in this case. The taking in 1967. You may consider as to whether or not there is a similarity between the parcel taken in 1967 and the parcel taken in 1978. I felt that you should be informed as to all the facts, and you are to determine what value is to be awarded to Mr. McArdle. [Emphasis added.]
That charge was in error. It was uncontroverted that McArdle retained full legal title to the remaining .61 acres not taken in 1967, on which most of his dwelling was situated. The only question to be decided relating to the 1967 condemnation proceeding was the legal effect of the taking by the State Docks of a portion of McArdle's property as it relates to the subsequent condemnation proceedings involving the remainder of his property. While it is the duty of the jury to try the facts and apply those facts to the law, it is the duty of the Court to determine questions of law, to declare the law, and to direct the application of the law to the facts. SouthernRailway Co. v. Terry, 268 Ala. 510, 109 So.2d 919 (1959); Cityof Anniston v. Oliver, 28 Ala. App. 390, 185 So. 187 (1938).
It is a well established rule in a condemnation proceeding that where only a part of a tract is taken the owner is entitled *Page 494 
to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, and that the jury should consider such facts and circumstances which would lessen the value of the remaining part in any way. State v. McLemore, 387 So.2d 827
(Ala. 1980); State v. Moore, 382 So.2d 543 (Ala. 1980); KayoOil Co. v. State, 340 So.2d 756 (Ala. 1976); State v. Huggins,280 Ala. 538, 196 So.2d 387 (1967); St. Clair County v.Bukacek, 272 Ala. 323, 131 So.2d 683 (1961). This proposition of law, however, is applicable to the 1967 taking and court proceedings and not the 1978 condemnation proceedings, since the present taking is, in effect, a complete taking. We must conclude that in 1967 this rule was followed. Once that partial taking occurred, its legal effect on subsequent takings became a question of law for the trial court to decide. Thus, it was the trial court's duty to determine the legal consequences of the 1967 taking.
Stated another way, in 1967 McArdle was compensated for that portion of his property taken and the damage to the remaining property belonging to him. McArdle retained full title to the remaining .61 acres, upon which the larger portion of his dwelling house was located, until 1978, when it too was condemned by the State Docks. At that time, the 1967 condemnation had no effect on the 1978 fair market value of the property and the amount to which McArdle was entitled as compensation for his property. As compensation for the taking of the final .61 acres, Mr. McArdle is entitled to receive by way of damages the fair market value of his land at the time of its taking, considering all facts and circumstances that would go toward establishing a reasonable basis for determining such fair market value of the land taken and which are relevant and proper at this time. Kayo Oil Co. v. State, 340 So.2d 756 (Ala. 1976); Adams v. State, 291 Ala. 224, 279 So.2d 488 (1973);Southern Electric Generating Co. v. Leibacher, 269 Ala. 9,110 So.2d 308 (1959). One factor to be considered is the well known rule that when a piece of improved land is taken by eminent domain, so far as the improvements on that land add to its market value, those improvements must be considered in determining the compensation to be awarded to the owner. Statev. Woodham, 288 Ala. 608, 264 So.2d 166 (1972); Cumbaa v. Townof Geneva, 235 Ala. 423, 179 So. 227 (1938). Thus, any improvements on the property are factors to be considered by the jury.
Under the authorities cited above, it is obvious that the trial court erred in submitting this issue to the jury. It is for this reason that the case is due to be reversed and a new trial ordered.
REVERSED AND REMANDED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.