This case concerns a breach of an implied warranty of fitness for a particular purpose.
During the latter part of the 1970's the Tennessee Valley Authority (TVA) began offering interest-free loans to customers for the installation of energy conservation measures in their homes. Under this program a TVA energy advisor would inspect a customer's home and then recommend various measures to improve energy efficiency and conservation. If a customer then hired a contractor to implement the recommendations, and they were approved by a TVA inspector, TVA would pay the contractor. *Page 787 
Patrick Lumber Co., Inc., appellee-plaintiff, began participating in the home insulation program in approximately 1979. Barrington Corporation, appellant-defendant, manufactures and markets TVA-approved storm windows.
Beginning in May of 1980 plaintiff ordered a number of windows from defendant for installation in six separate homes under the TVA home insulation program. An invoice accompanied the windows upon delivery to plaintiff which designated the specific job for which the windows had been ordered, noting the number and specifications for all the windows. The description of the windows all contained a notation indicating that the windows were "TVA windows."
After installation, the TVA inspector rejected a number of the windows on all six jobs for not being in compliance with TVA standards.
After attempts by plaintiff and defendant to correct the problems created by the nonconforming windows, plaintiff sent defendant a letter on May 15, 1981, outlining additional expenses incurred as a consequence of the nonconforming windows.
On August 11, 1981, plaintiff filed a petition for declaratory judgment in the Circuit Court of Jackson County, Alabama, claiming defendant breached both an implied warranty of merchantability and an implied warranty of fitness for a particular purpose by supplying plaintiff with windows which failed to meet TVA approval, thereby causing plaintiff to suffer damages in the amount of $3,677.95. Defendant answered, denying any breach of warranty and counterclaimed for $1,653.60, plus interest and cost for goods sold and delivered to plaintiff for which it had received no payment.
On June 20, 1983, the trial judge ruled in favor of plaintiff finding that defendant had breached an implied warranty of fitness for a particular purpose under § 7-2-315, Code of Alabama 1975, and awarded plaintiff damages in the amount of $3,677.95. The trial court also ruled in plaintiff's favor on defendant's counterclaim. Subsequently the trial court denied defendant's motion for a new trial and defendant appeals.
The fundamental issue on appeal is whether the trial court erred in finding that defendant had breached an implied warranty of fitness for a particular purpose under § 7-2-315. Defendant argues that the court's finding of an implied warranty of fitness for a particular purpose and that adequate notice of a breach was given is plainly and palpably in error and is not supported by the evidence.
"In an action for breach of an implied warranty, the plaintiff must prove the existence of the implied warranty, a breach of that warranty, and damages proximately resulting from that breach." Storey v. Day Heating and Air Conditioning Co.,56 Ala. App. 81, 83, 319 So.2d 279, 280 (1975). A warranty for fitness for a particular purpose is implied if: (1) the seller has reason to know the buyer's particular purpose, (2) the seller has reason to know that the buyer is relying on the seller's skill or judgment to furnish appropriate goods; and (3) the buyer, in fact, relied upon the seller's skill or judgment. Donald v. City National Bank of Dothan, 295 Ala. 320,329 So.2d 92 (1976).
The existence of an implied warranty of fitness for a particular purpose is ordinarily a question of fact to be determined by the factfinder, either the jury or trial judge, especially if the evidence is conflicting. See, Singer Co. v.E.I. duPont de Nemours Co., 579 F.2d 433 (8th Cir. 1978);Kennebrew v. Southern Automatic Electric Shock Machine Co.,106 Ala. 377, 17 So. 545 (1894); 3 R. Anderson, Uniform CommercialCode, § 2-315:69 (3rd ed. 1983). In the present case, the trial court heard the evidence ore tenus and after evaluation determined that the legal criteria for an implied warranty of fitness for a particular purpose existed and had been breached. The record contains sufficient evidence to support the trial court's holding. *Page 788 
Evidence that defendant had knowledge of plaintiff's particular purpose in buying the windows and that the buyer was relying on plaintiff's judgment and skill to furnish appropriate windows was present in the testimony of both plaintiff's and defendant's witnesses. The evidence was uncontradicted that plaintiff relied upon defendant's expertise in purchasing the windows. Moreover the record contains evidence that the windows delivered by defendant did not properly conform to TVA specifications or the specifications of a particular customer.
For example the evidence disclosed that some of the windows on two of the jobs were rejected because they were too loose and that on two other jobs vertical windows were delivered even though horizontal windows had been ordered. Evidence further revealed that on another order the windows were rejected because of inadequate weather stripping and that in one order a customer rejected all of the windows because one large window not meeting TVA approval did not match the other windows he ordered.
Defendant contends that plaintiff failed to prove that its windows were not manufactured to meet TVA standards, with the exception of one large odd-sized window which TVA does not approve regardless of the manufacturer. Instead, defendant argues that the problems with the windows were in their installation, which plaintiff performed.
Furthermore, defendant argues in brief that the testimony by plaintiff's employees regarding the reasons TVA inspectors rejected the windows was "rank hearsay." Defendant insists that without such testimony there is not a gleam or glimmer of evidence to support the trial court's decision. We cannot say however, that there is no evidence or reasonable inference therefrom to support the trial court's decision nor can we say that the trial court's findings are plainly and palpably wrong or manifestly unjust. See, First Alabama Bank of Montgomery,N.A. v. Coker, 408 So.2d 510 (Ala. 1982). Therefore we must affirm the trial court's holding that an implied warranty existed and was breached.
Defendant further argues that even if an implied warranty existed, plaintiff did not give reasonable notice of breach of warranty with respect to two of the six jobs involved in this suit and that reasonable notice is a prerequisite to the maintenance of an action against a seller for breach of warranty. See, Parker v. Bell Ford, Inc., 425 So.2d 1101 (Ala. 1983); Lindsey v. International Shoe Co., 45 Ala. App. 566,233 So.2d 507 (1970).
Alabama's enacted version of the Uniform Commercial Code (U.C.C.) dealing with notice requires that where a tender has been accepted, the buyer must notify the seller of any breach within a reasonable time after he discovers, or should have discovered, the breach. The purpose of such notification is twofold: (1) it apprises the seller that a claim may be made against him and provides him an opportunity to prepare a defense or notify his supplier and (2) to enable the seller to make adjustments or replacements or to cure in order to minimize the buyer's loss and reduce the seller's own liability to the buyer.
While § 7-2-607(3)(a) does not indicate what constitutes sufficient notice, § 7-1-201(26), Code of Alabama 1975, provides that a person "`notifies' or `gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." Furthermore, committee comment four to § 7-2-607, states that the notification "which saves the buyer's rights under this article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation." See also, Pagev. Camper City Mobile Home Sales, 292 Ala. 562, 297 So.2d 810
(1974).
Defendant claims it sent servicemen to the job site to fix the windows on two of the jobs, but it heard nothing further from plaintiff regarding problems *Page 789 
with them until trial. Plaintiff, however, stated that defendant received adequate notice when defendant had to send a serviceman out to the job site to repair the windows and was given additional notification in a letter and accompanying statement dated May 15, 1981. Moreover, plaintiff points out that the record indicates that one of defendant's representatives actually went to the job site and observed the problems with the windows prior to the filing of the present suit and that plaintiff's general manager spoke with defendant on at least two or three occasions about the problems that had occurred on all six job sites. Oral notification has been held to be sufficient for purposes of § 7-2-607. Page v. Camper City Mobile Home Sales, supra. Whether sufficient notice was given under § 7-2-607 is a question of fact. Parker v. Bell Ford,Inc., supra. Finding there is evidence to support the trial court's decision and that the trial court is not palpably in error, we affirm.
On appeal plaintiff requests attorneys' fees. "In this state attorneys' fees are recoverable `only where authorized by statute, when provided in a contract or in an equitable proceeding where the efforts of an attorney create a fund out of which fees may be paid.'" Mass. Appraisal Services, Inc. v.Carmichael, 372 So.2d 850, 852 (Ala. 1979), quoting State exrel. Payne v. Empire Life Insurance Co., 351 So.2d 538, 545
(Ala. 1977). As the present case is not an equitable proceeding, no contract provision provides for fees and no statute grants attorneys' fees, plaintiff's request is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.