ADAMS, Justice.
The City of Cullman appeals from an order establishing the value of a .57-acre tract of land condemned by the City of Cullman for a drainage basin. A jury placed a value of approximately $105,000 on the tract following an appeal by the landowners, Donnie G. and Diane M. Moyer, from a determination by the probate court that the value of the tract was $29,-000.
The City of Cullman contends that the trial court erred in instructing the jury that it could not consider portions of certain expert testimony offered by the City with regard to the valuation of the tract of land. The expert testified as to the value of the .57-acre tract to be condemned and then testified that, in his opinion, there was no damage to the remaining tract of property owned by the Moyers. He stated:
“Well, the property has no access to it, egress and ingress. The work that was done in my opinion would have enhanced the appearance of the remaining property-”
On cross-examination, the expert admitted that he never gave the entire tract a value following the taking of the partial tract by the City. The trial court, based on the wording of § 18-1A-I70(b), Code of Alabama 1975, instructed the jury not to consider the expert’s testimony with regard to the valuation of the partial tract because he had not complied with the statute in reaching his valuation. The court’s instructions, in pertinent part, were:
“The Court: ... This is a partial taking under the condemnation laws in the State of Alabama. The valuation rule is the difference between the fair market value of the entire property before the taking and the fair market value of the remainder of the property after the taking. So Mr. Doyle never gave you enough evidence on which you could base a verdict of damages in this case, never gave you any evidence about the value of the entire tract before the taking nor the value of the entire tract after the taking less the property taken. So therefore based on his testimony you would not be in a position to reach a verdict. You would have insufficient evidence on which to base a verdict. Any verdict that you reach would just be speculation. So I am excluding — The Court is going to exclude his testimony from your consideration with regard to the value that he ascribed to the tract taken. So that will not be any evidence. You will not consider that as any evidence in the case. You understand that?
“Juror Kugler: The whole testimony? “The Court: Well, any testimony as concerns the value or damage to the property, anything regarding value. And his other testimony I guess could be considered by you, but not any testimony that he gave concerning the valuation that he placed on the property that was taken. That is an improper measure of damages.”
Section 18-1A-I70(b), Code of Alabama 1975, states as follows:
“(b) If there is a partial taking, the valuation rule is the difference between *72 the fair market value of the entire property before the taking and the fair market value of the remainder after the taking.”
The commentary to that section states, in pertinent part:
“Subsection (b) states the standard of compensation in Alabama for a partial taking of the owner’s property, and to that extent is essentially the same as UEDC [Uniform Eminent Domain Code] Section 1002(b). UEDC Section 906(2) stated the criteria of this standard (i.e., the fair market value of the property before the taking, and the fair market value of the remainder after the taking) as ‘questions of fact’ to be determined by the trier of facts. Even though this subsection is worded in terms of a ‘standard,’ rather than ‘questions of fact’ that might be the subject of special interrogatories, it nevertheless states accurately and codifies the standard previously used in Alabama and continues past Alabama law. See, State v. McLemore, 387 So.2d 827 (Ala.1980).”
In McArdle v. State, 408 So.2d 491, 494 (Ala.1981), this Court stated:
“It is a well established rule in a condemnation proceeding that where only a part of a tract is taken the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking, and that the jury should consider such facts and circumstances which would lessen the value of the remaining part in any way. State v. McLemore, 387 So.2d 827 (Ala.1980); State v. Moore, 382 So.2d 543 (Ala.1980); Kayo Oil Co. v. State, 340 So.2d 756 (Ala.1976); State v. Huggins, 280 Ala. 538, 196 So.2d 387 (1967); St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683 (1961).”
The City of Cullman contends that the appraisal offered by its expert, which was arrived at by adding the value of the tract that was taken by the City plus any damage to the remaining tract of land, is basically the same approach as the statutory approach, that is, that it is basically the same as taking the value of the entire tract minus the value of the remaining tract following the taking. We disagree. The Uniform Eminent Domain Code, upon which much of our statute is based, sets forth the following in its commentary to § 1002:
“A different approach, something referred to as the ‘value plus damage’ rule, appears to be followed in one of several variant formulations in a majority of states. Under this rule, briefly stated, compensation in partial taking cases generally consists of the sum of the value of the property taken and of any net damages to the remainder after offsetting benefits. Text writers and commentators, however, are in substantial agreement that the ‘before and after’ rule is preferable to the ‘value plus damage’ approach, since it avoids confusing artifi-cialities inherent in the latter approach, is more consistent with realistic market valuation and appraisal techniques, and reduces the risk of inequitable windfall recoveries by property owners that may unnecessarily increase the cost of public improvements.”
Commentary to § 1002, Uniform Eminent Domain Code. (Citations omitted.) Although the commentary goes on to say that in most instances the results are substantially the same with regard to the two approaches taken, this Court is of the opinion that the legislature, in setting forth one standard and omitting the mention of the other standard in Alabama’s codification of the eminent domain laws of Alabama, intended that only the mentioned standard be used to determine the value of a partial taking.
Therefore, the trial judge properly excluded the testimony of the City’s expert, who did not reach his evaluation by the means set forth in the statute. The judgment is hereby affirmed.
AFFIRMED.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur.